INTERNATIONAL LUBRICANT CORPORATION v. CHARLES R. GRANT

175 So. 727.
Opinion Filed June 28, 1937.

*Milam, McIlvaine & Milam,* for Plaintiff in Error;

*L. J. Cushman & Fuller Warren,* for Defendant in Error.

BROWN, J.—Defendant in error, as plaintiff in the court below, recovered a judgment against the plaintiff in error, International Lubricant Corporation, in the sum of $15,-000.00 for damages for personal injuries alleged to have been caused by the negligence of the defendant's agent in the operation of an automobile belonging to plaintiff in error, as a result of which said automobile was run into and against an automobile being driven by the plaintiff.

No contention is made on behalf of plaintiff in error that the evidence in the case was not sufficient to sustain the allegations of negligence contained in the declaration, nor the seriousness of the injuries and the pain and suffering resulting therefrom. The main contention is that the verdict was excessive. There is also some argument to the effect that the court erred in not expressly restricting the jury to such future damages as the evidence made "reasonably certain would result" from the injuries sustained.

As to the latter contention, the court did charge the jury that if they found for the plaintiff, the measure of damages would be the amount which would be compensation for the injuries "alleged and shown by the evidence to have been proximately sustained by the plaintiff," and also charged them that they were limited in finding for the plaintiff to only such damages as proximately resulted from the injuries complained of. In view of the fact that the defendant did not attack the correctness of the charge in any way in the

lower court, took no objection thereto, and did not request that the court charge the jury that the plaintiff was entitled to recover only such future damages as the evidence makes reasonably certain would result from the injuries sustained, the defendant now has no just cause to complain in this Court as to the correctness of the trial court's charge. Indeed, considering the charge as a whole, it was very fair to both sides and substantially free from error.

It is well settled that the entire charge of the court or the entire portion of it bearing on a particular subject, must be considered in determining whether the charge is free from error. Florida Motor Transportation Co. v. Hillman, 87 Fla. 512, 101 So. 31. If a defendant wishes to have the jury more fully instructed upon any point in the case, he should specially request the desired instruction. Hobbs v. State, 77 Fla. 228, 81 So. 441; Ward v. State, 124 Fla. 113, 168 So. 397.

As to the contention that the verdict was excessive, it should be observed that the bill of exceptions contained in the transcript fails to show any ruling on the defendant's motion for a new trial, and also fails to show that any exception was taken or entered to the ruling of the court on such motion. The alleged excessiveness of the verdict is not raised except by an assignment of error based on the denial of defendant's motion for a new trial. However, there is contained in the record what purports to be a copy of an order made by the Circuit Judge denying the motion for a new trial and allowing sixty days in which to present and settle a bill of exceptions. This is not authenticated by the trial Judge himself. The only authentication is the certificate of the clerk at the end of the transcript certifying that the transcript contains a correct record of the judgment and a true and correct recital and copy of all such papers and proceedings in said cause as appears upon

the records and files of his office and directed to be included in the transcript by the written demands of the parties.

In the case of Great American Insurance Co. v. Suarez, 107 Fla. 705, 146 So. 644, we held that the certificate of the clerk to the transcript cannot give authenticity to matters *in pais* which have not been duly authenticated by the trial court. In that case a motion to strike a motion for a new trial and an order granting such motion to strike were involved. Likewise in Jarvis v. State, 115 Fla. 320, 165 So. 310, it was held that counsel seeking to present matters *in pais* by incorporating them in the transcript of record proper should have such matters duly authenticated by the trial judge so as to show authentically that such matters occurred at the trial.

. Counsel for plaintiff in error call attention to Section 4612 C. G. L., which provides that matters exhibited only by a bill of exceptions which should have been exhibited by the record proper, or *vice versa,* shall be considered by the appellate court with the same force and effect as if it had been exhibited in its proper place in the transcript. But there is a proviso in the section referred to reading: "Provided the same appears in the transcript so that it may be definitely identified by the appellate court and so exhibited as to import authenticity."

An exception to an order overruling a motion for a new trial is necessary to the review of such order by the appellate court. C. G. L. 4608, 4609; Holstun v. Embry, 124 Fla. 554, 169 So. 400.

In the absence of an exception to an order granting or refusing a new trial, the sufficiency of the evidence is not properly presented to the Supreme Court. Woodlawn Park Cemetery Co. v. Tangerman, 117 Fla. 470, 150 So. 306, . wherein a number of previous decisions by this Court are cited in support of the rule stated.

We might observe, however, that a review of the record shows that the evidence in this case was amply sufficient to sustain the verdict of the jury in so far as the allegations of negligence on the part of the plaintiff in error's agent and the seriousness of the defendant in error's injuries, and the pain and suffering caused thereby, are concerned. Nor, if we could review the subject, are we at all sure that we could hold that the amount of damages allowed was excessive. The plaintiff in the court below was a young man twenty-nine years of age. He was driving south a few miles below Jacksonville when the defendant's agent and servant, driving north, drove his car out of the line of northbound traffic in the effort to pass a truck in front of him, with the result that he almost immediately drove into the plaintiff's car, thus causing practically a head-on collision. The plaintiff received various wounds, but his most serious injury was a severely broken leg. He was in the hospital for two months and on crutches for some time thereafter. The fractures in his leg in the neighborhood of his knee could never be successfully and completely remedied and the evidence indicates that his injured leg will not only be three-fourths of an inch shorter than the other permanently, but that the full normal use of his leg will never be fully restored. He had at the time of the trial a life expectancy of something over thirty-six years. It is true that the declaration made no clear cut and explicit claim for loss of earnings, and the trial judge expressly charged the jury that if they found for the plaintiff they could not allow him any damages for loss of earnings. Plaintiff in error contends that with this element of damages eliminated the verdict was excessive. But there are other elements of damage in a case of this kind in addition to the mere pecuniary loss of possible future earnings. The law furnishes no legal rule of measurement in a case of this kind for those elements of

damages outside of a proven loss of earning capacity, which the trial judge held was absent in this case on account of the omission to claim. The damages to be allowed in cases of this kind must largely be left to the discretion of the jury, and the Court will not disturb their verdict unless it be so unreasonable or flagrantly improper as to evince passion or prejudice or such as to indicate that the verdict was influenced by something outside of the evidence. McMurrey v. Basnett, 18 Fla. 609. But it is not necessary for us to pass on this question of the claimed excessiveness of the verdict in this case because the question is not properly before us.

It might be noted here that the declaration after the court had stricken certain portions, did contain an allegation as follows: "the plaintiff's right leg was broken so that the plaintiff was rendered sick, sore, lame and disabled and was confined to the hospital for a long space of time and still is confined to the hospital * * * and will permanently lose partial use of his said right leg; that at the time the plaintiff was injured as aforesaid, the plaintiff was employed * * * and that in his said employment under said contract the plaintiff was earning and could reasonably expect for a long period of time to earn large sums of money, to-wit, the sum of Sixty Dollars per week * * *."

In passing we might say also that the ground of the motion for a new trial, to the effect that one of the jurors stated that the jury, or at least some of them, including himself, did consider the question of loss of earnings, was properly overruled. We have held that the affidavit of a juror is not admissible to impeach his verdict on a motion for a new trial. McMurrey v. Basnett, supra; Langford v. King Lumber and Manufacturing Co., 123 Fla. 855, 167 So. 817.

No reversible error appearing, the judgment of the court below is hereby affirmed.

Affirmed.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur.

Mr. Justice DAVIS concurred in the foregoing opinion.