J. D. SMITH v. JACKSON COUNTY.

176 So. 858.
Opinion Filed November 4, 1937.

*John H. Carter* and *John H. Carter, Jr.,* for Plaintiff in Error;

*B. L. Solomon,* for Defendant in Error.

PER CURIAM.—The parties to this suit will be referred to as they appeared in the court below, as plaintiff and defendant.

On August 23, 1934, plaintiff filed a common law action against Jackson County to recover $10,949.49 for services rendered under the terms of a contract existing between plaintiff and the Board of County Commissioners of Jackson County for aid and assistance in constructing an approach to Victory Bridge on the Jackson County side of the Apalachicola River on State Highway No. 1. The declaration was in two counts and a demurrer was sustained as to the first and second counts and the suit was tried on an amended second count, with bill of particulars attached when plaintiff claimed amount due in the sum of $15,000.00. To the amended count number two the defendant filed three pleas, first, never was indebted; second, a denial that the claim for $10,949.49 was presented to the Board of County Commissioners for approval or denial within the time required by the statute, and third, the statute of limitations. Plaintiff through counsel filed a joinder of issue on pleas and replication was filed and a demurrer to said replication

overruled and with the amended second count and pleas one, two and three, the joinder of issue, and replication thereto were the issues submitted to the jury.

This cause was before the Court in Smith v. Daffin and reported in 115 Fla. 418, 155 Sou. Rep. 658. The suit was tried before a jury and a verdict rendered for plaintiff in the sum of $75.00 and costs. Motion for new trial was filed, overruled, judgment final entered for plaintiff, who procured a bill of exceptions, sued out a writ of error and a number of errors assigned for the reversal of the judgment.

The basis of the suit is a contract for the payment of the sum of $10,949.49, being a 10% commission of the sum of $109,494.92 as the cost of constructing an approach to the Victory Bridge spanning the Apalachicola River on the Jackson County side thereof, and defendant by said contract engaging plaintiff's services to "induce or compel" the State Road Department to construct the same. The merits of this contract were considered by this Court in the suit of Smith v. Daffin, *supra*. During the trial plaintiff's counsel offered in evidence considerable documentary evidence, consisting of minutes of the proceedings of the Board of County Commissioners of Jackson County and the State Road Department, likewise the testimony of the members of the State Road Department, members of the Board of County Commissioners, and the pleadings in the suit of Smith v. Daffin, *supra*. Additional evidence was offered by each party unnecessary to recite here. Plaintiff performed fully his part of the contract.

The defendant established by Hon. J. B. Garrett, Chairman of the Board of County Commissioners, the cost and expenses necessary to travel from Marianna to Tallahassee, which he valued at $5.00 per day and on cross examination the following question was propounded: "Do you know

what would be a reasonable compensation for a man to go to Tallahassee to appear before the State Road Department for the purpose of procuring the State Road Department to construct or build a project such as the highway approach to a bridge or any other project or State highway he might be interested in building in Jackson County?" The witness answered: "I could not answer that. I have only been over there in an official capacity and whenever I appeared before a Department I never made any charges at all other than my actual expenses." "Q. My question was, do you know the reasonable value of any person's time in doing such work?" "A. I would say $10.00 and actual expenses." Hon. R. B. Bell and Hon. W. R. Dixon gave similar testimony.

It is questionable whether or not the testimony of these three witnesses offered on the part of the defense to establish the *quantum meruit* value of the services, ever qualified or showed sufficient knowledge of the services performed on the part of the plaintiff, or have a sufficient knowledge of its worth or value. The question was not so much the value of the cost of a trip, under the terms of the contract, from Marianna to Tallahassee and return, but the value of plaintiff's services for appearing before the State Road Department, his friendly contacts with the members thereof and his success in inducing them to do and render favorable things for Jackson County. The defendant's theory of the suit, having but little merit of value of plaintiff's services, as shown by the defendant's evidence, is reflected in the findings of the jury as shown by its verdict. The amount of the verdict is out of proportion to the value of the services rendered as shown by the record and its legal effect is a substantial denial of justice. See Section 4, Bill of Rights, Constitution of Florida, viz.:

"All the courts in this State shall be open, so that every person for any injury done him in his lands, goods, person or reputation shall have remedy, by due course of law, and right and justice shall be administered without sale, denial or delay."

It is difficult to reconcile the amount of the verdict with the weight of the evidence and at the same time administer justice herein. A verdict not in accord with the manifest weight of the evidence or with the justice of the case, should be set aside and a new trial granted. Shultz v. Pacific Ins. Co., 14 Fla. 78, 94; Miller v. White, 28 Fla. 301, 2 Sou. 614; Meinhardt Bros. & Co. v. Mode, 25 Fla. 181, 5 So. 672; Tampa Water Works Co. v. Mugge, 60 Fla. 263, 53 So. 943; Atlantic Coast Line R. Co. v. Alverson, 95 Fla. 73, 116 So. 30; State v. Aetna Cas., etc., Co., 84 Fla. 123, 92 So. 871, 24 A. L. R. 1262; Stevens v. Tampa Elec. Co., 81 Fla. 512, 88 So. 303; Harbeson Lbr. Co. v. Anderson, 102 Fla. 731, 136 So. 557; Anthony Farms Co. v. Seaboard Air Line Ry., 69 Fla. 188, 67 So. 913; Wilson-Otwell & Cone v. Ritch, 93 Fla. 698, 112 So. 547; Aberson v. Atlantic Coast Line R. Co., 68 Fla. 196, 67 So. 44.

Plaintiff assigns as error the following charge: "And the amount fixed in such contract is not to be considered as evidence of the value of such services performed by the plaintiff for the defendant."

The same question was before this Court in the case of Hazen v. Cobb-Vaughn Motor Co., 96 Fla. 151, text page 165, 117 Sou. Rep. 853, when this language was used:

"But where an express contract has been fully performed on plaintiff's part, and nothing remains to be done under it but the payment of money by defendant, which is nothing more than the law would imply against him, plaintiff may declare specially upon the original contract, or generally on

the common counts, at his election. And if he adopts the latter course, he may offer the contract in evidence to show that he has performed what was agreed to be done and to show the value of the services performed or the materials furnished. 5 C. J. 1386-7; 2 R. C. L. 726; Enc. Pldg. & Prac. 1009, 1 Chitty Pldg. 372; Lanier v. Chappell, 2 Fla. 621, 630."

Considering the evidence adduced on the part of the plaintiff, the lack of evidence on the part of the defendant on the material issue, the inadequacy of the verdict impels us to conclude that the jury was controlled by motives other than the evidence to such an extent that a miscarriage of justice appears. Through the ages it has been commonly recognized that "The laborer is worthy of his hire." The judgment appealed from is reversed and a new trial granted.

ELLIS, C. J., and WHITFIELD, TERRELL and CHAPMAN, J. J., concur.

BROWN, J., not participating.

BUFORD, J., disqualified.