UNION BUS COMPANY v. MELISSA LOUISE MATTHEWS.

192 So. 811
Division A
Opinion Filed December 15, 1939
Rehearing Denied January 18, 1940

*Carter & Pierce,* for Plaintiff in Error;
*James H. Finch* and *Amos Lewis,* for Defendant in Error.

THOMAS, J.—Melissa Louise Matthews brought suit against the Union Bus Company for the wrongful death of her husband, charging that it was due to the negligent operation of a passenger bus by defendant's servant. It was alleged in the declaration that the bus struck the car in which deceased was riding, forcing it into a road guard and catapulting him against the guard and pavement, causing injuries from which death resulted.

The pleas were five in number besides the one of general issue. One was unique in construction. It charged that one Gause, the driver of the car, was guilty of contributory negligence because he and deceased were engaged in a joint enterprise for "mutual pleasure," consisting of "jooking." the former furnishing the car, the latter the gasoline. The remaining four pleas set up negligence of the driver of the passenger car, Gause, and contributory negligence of the deceased because of his drunkenness, his riding with Gause, who was intoxicated, and being a passenger in a car from which the doors had been removed.

The plaintiff recovered and defendant appealed, assigning as error the insufficiency of the evidence and the refusal of the court to give a charge that defendant should be absolved from blame if the injury was the result of Gause's negligence. We dispose of the latter question with the simple statement that other charges given by the court were sufficient to guide the jury on the matter of the negligence of deceased's companion and no error resulted from failure to give the requested one.

The sufficiency of the evidence requires thorough consideration. One of the first witnesses in behalf of the plaintiff was the driver of the bus, and, of course, plaintiff is bound by his testimony, although he was at the time of the incident an employee of the defendant. From him the court and jury learned that the passenger car, in which the deceased was riding, and the bus were proceeding in an easterly direction along a highway in Jackson county. The bus driver drew up to the passenger car, which was traveling in the center of the road, and warning was given by the bus driver but the operator of the passenger car did not heed it, whereupon the bus driver diminished the speed of his vehicle to a rate allowing him to throw out some newspapers at a town known as Grand Ridge. Again he overtook

the passenger car and sounded his signal. This time the passenger car drew near the right side of the road and the bus passed. After passing, the bus driver looked in his mirror to determine if he had cleared the car and learned that he had and that it was "zig-zagging" in the road behind him. No jolt was felt at the time of passing and the bus driver first learned of the accident at the next town, several miles distant. He then examined the bus and found a small place in front of the right rear wheel where the surface was scratched and a "rubber mark" back of the same wheel.

Witnesses who saw Gause, the driver of the passenger car, shortly after the accident, testified that he was sober. Gause swore that the death of his companion occurred about sunrise when the car in which they were riding was crowded from the road, pulled along for some distance by the bus, and forced against the guard, the impact throwing the defendant out and bending the right front fender against the tire. He said that he stopped the car afterward and went back to the body. He narrated the experiences of the deceased and himself for several hours previous to the collision. From ten o'clock of the evening until sunrise Gause had made the rounds of certain "jooks" located around the county site and after two-thirty in the morning Matthews accompanied him. Some of the places visited were the "Shamrock," the "Echo," "The Castle," "Otto's" and "Park Inn." There is considerable testimony that both of them, and particularly Matthews, indulged in intoxicating liquors on their various stops.

The only eye-witness of the tragedy who testified in behalf of plaintiff, except the driver of the bus, was Gause. Pitted against him were various passengers residing in different places in Alabama and Florida whose stories of the unfortunate event coincided in the main.

It was established beyond question that the passenger car was of the style called 'coach," with very large openings

on each side where the doors had been removed two years before. It was shown, too, after the deceased was thrown from the vehicle when it struck the guard rail Gause stopped the car and meanwhile it had traveled the distance, according to a witness for the plaintiff, of eighty yards.

The plea of not guilty put upon the plaintiff the burden of proving the wrongful act alleged in the declaration and the burden of proving the five affirmative pleas was assumed by the defendant. Bourne v. State Bank of Orlando & Trust Co., 06 Fla. 46, 142 South. Rep. 810.

It is also clearly the law in this State that the plaintiff should not have prevailed if any appreciable negligence was contributed by the deceased. German-American Lumber Co. v. Hannah, 60 Fla. 70, 76, 53 South. Rep. 516. (30 L. R. A. [N. S.] 582.)

"At common law a plaintiff could not recover for injuries to himself caused by the negligence of another if he in any appreciable way contributed to the proximate cause of the injury upon the theory that there is no apportionment of the results of mutual negligence. Where both plaintiff and defendant are at fault, the law does not in general interfere. The common-law rule that there can be no recovery by those guilty of contributory negligence has not been changed by statute in this State except in certain cases of injuries by the operation of railroads" (60 Fla., text 72, 53 So. at page 517, 20 L. R. A. at page 884) and in hazardous occupations (7060 C. G. L. 1927).

We are fully aware of the rule that a verdict will not be disturbed where it is supported by ample evidence (Pelham v. State, 70 Fla. 295, 70 South. Rep. 87), and that the appellate court will not interfere with the judgment where the trial court entered a remittitur, as was done in the case at bar, concurred in the modified verdict and there was sufficient testimony to support the finding of the jury.

Standard Growers' Exchange v. Martin, 80 Fla. 864, 87 South. Rep. 54. However, in considering the state of this record, bearing in mind the story of the accident as it was related by Gause, we cannot say that because he detailed a situation which would show some negligence on the part of the driver of the bus we should ignore the testimony of the other witnesses who were introduced to support the five affirmative pleas setting up contributory negligence and the like, or the testimony of plaintiff's witness, the driver of the bus, whose story corroborates theirs.

There was abundant evidence and much of it uncontradicted that there was a distinct contribution on the part of the deceased to his own injury. For illustration, the car was not overturned or demolished and the driver, so far as the record shows, was unhurt. The only reasonable deduction is that if deceased had remained in it he would not have been killed. His death is traceable to the fact that when an object was struck he then in an inebriated condition was cast through the opening, a large one, from which the door had been removed before he became a passenger and of which he was fully aware. These facts were all relevant to the fourth and sixth pleas, alleging contributory negligence because of the absence of the doors and drunkenness which, according to the record, was not attacked. There was enough evidence to support them and as we have said none was offered in refutation. There is no doubt that through the night he and Gause made a succession of visits to places where intoxicating liquors were served and that he partook of them frequently. By the plaintiff's own evidence Gause brought his car to a stop eighty yards beyond the place where Matthews' body was found.

The exhibits, consisting of photographs of the automobile and the bus, show no more damage to the latter than a scar back of the right rear wheel and only a dent and some

scratches on the left front fender of the former, so that little credence can be given to the testimony that the passenger car was dragged by the bus. The exhibits disclose that the right-hand fenders and runningboard of Gause's car were badly bent but all tires were intact. In addition to these circumstances there is the testimony of witnesses, including the bus driver, who was introduced by the plaintiff, that Gause was traveling at a considerable speed in the center of the road and that his course was irregular.

Weighing the uncontradicted testimony and comparing it with the other evidence offered on behalf of the plaintiff, we are constrained to the view that the affirmative pleas of contributory negligence were sustained by a preponderance of the evidence introduced by the defendant as well as a considerable portion of the testimony of the plaintiff, and, having this conviction, it is our order that the judgment be—

Reversed.

TERRELL, C. J., and BUFORD, J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.