CITY OF ORLANDO, Plaintiff in Error, v. WALBURGER ZAPFE, a widow, Defendant in Error.

198 So. 801
En Banc
Opinion Filed November 22, 1940

*Campbell Thornal,* for Plaintiff in Error;

*Claude L. Gray* and *Warren B. Parks,* for Defendant in Error.

TERRELL, C. J.—Defendant in error tripped over a wire stretched across a public walkway by the plaintiff in error in one of the parks in the City of Orlando and broke her

arm. In a common law action for damages, she recovered a judgment for $5,000, to which this writ of error was prosecuted.

It is contended that the judgment is excessive, that improper elements of damage were included, that the circuit judge erred in refusing charges requested by defendant, and in giving charges requested by plaintiff.

In answer to the contention that the judgment is excessive, it is sufficient to say that such awards rest largely in the discretion of the jury and will not be disturbed by an appellate court unless they are so large as to show that they were the result of prejudice, passion, or corruption, or that the jury totally ignored the evidence in reaching a verdict.

The record shows that the plaintiff was fifty-nine years old at the time of the accident and suffered a comminuted fracture of the upper arm and elbow, which means that it was broken into several pieces and that there were several lines of fracture. It was shown that the flexion of the arm was restricted due to spear formations caused by traumatism from the fracture. A further result was that plaintiff was afflicted with peri-arthritis of the shoulder and after the arm was carried in a cast for three weeks, it had to be re-broken and reset and this necessitated the broken arm to be stretched daily for several weeks causing excruciating pain. From the date of the accident to the date of the trial was more than five years, during all of which plaintiff suffered pain continuously and spent approximately $1,000 trying to restore her arm. Some evidence shows that the injury is permanent in that plaintiff cannot lift any appreciable weight with her left arm, lie on her left side, do sewing or needlework and many other things which she had formerly done with ease.

It is quite true that verdict of $5,000 would be excessive

as compensation for a simple fracture, but in view of the injury and suffering shown in this case, we cannot say that the jury was swayed by prejudice, passion, or corruption or that it ignored the evidence.

The alleged improper elements of damage were amounts spent by plaintiff going to New York to be treated by a bone specialist. The treatment was sought on the advice of her physician, the charges are not alleged to be excessive and predicate was laid to prove them in the declaration.

Other questions raised have been examined but we find no reversible error so the judgment is affirmed.

Affirmed.

BROWN, BUFORD, CHAPMAN and THOMAS, J. J., concur.

Justice WHITFIELD not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.