CLARENCE E. TURNER, an individual trading and doing business as EASON-TURNER CO., v. MODERN BEAUTY SUPPLY CO., INC., a Florida Corporation, in its own right and for the use and benefit of GEORGE RAYMOND EUBANKS.

10 So. (2nd) 488                                    June Term, 1942
November 20, 1942                                  Division B

4

Blackwell & Walker, for appellant.
Knight & Green, for appellee.

CHAPMAN, J.:

Suit was brought in the Circuit Court for Dade County, Florida, to recover damages for designated personal injuries as a result of a collision between a Ford truck of the defendant below and a motorcycle owned by Modern Beauty Supply

Co., Inc., and operated by its employee George Raymond Eubanks, at the intersection of 6th Avenue and 19th Street N. W., in the City of Miami, Florida, on November 9, 1940. Plaintiff below sought to recover for its use and benefit money paid out to its employee, George Raymond Eubanks, under the Workmen's Compensation Act. The declaration alleged ordinary simple negligence on the part of the driver of defendant's truck and the issues tendered by pleas of not guilty and contributory negligence were submitted to a jury, resulting in a verdict and judgment for the plaintiff in the sum of $4,250.00. The appeal here is for the purpose of reviewing the verdict and judgment in the lower court.

Counsel for appellant pose for adjudication the question viz: In an action for personal injuries sustained by the plaintiff in a collision between two motor vehicles, where the credible evidence demands a finding that the plaintiff, who was driving one of the vehicles, was guilty of negligence materially and proximately contributing to the happening of the collision, should not the jury be directed to return a verdict for the defendant? In support of this question counsel quote and emphasize the testimony given by certain witnesses offered by the plaintiff below, namely, Policemen Allen and Savage, and Robert Martin, Calhoun McFarland, L. E. McCook, Carrington Turner, George Raymond Eubanks, and J. R. Eubanks. It is urged that the testimony of plaintiff's witnesses, coupled with the admission of the plaintiff that he gave the motorcycle the gas and proceeded east on 19th Street in the face of obvious danger on the theory that under the law he had the right of way, was *ipso facto* contributory negligence. The negligence of the plaintiff, it is contended, is corroborated by the physical facts about the intersection and the photographs adduced conclusively sustain this contention. Counsel cite and rely upon G. Ferlita & Sons v. Beck, 143 Fla. 509, 197 So. 340; Union Bus Co., v. Matthews, 141 Fla. 99, 192 So. 811; Lindsay v. Thomas, 128 Fla. 293, 174 So. 418. Many cases from other jurisdictions, text books and encyclopedeas are cited to sustain their position. We have read the testimony appearing in the record and are familiar with our rulings in the cases cited.

The "credible testimony" cited and relied upon to sustain contributory negligence on the part of the plaintiff which should bar a recovery is contradictory to and in conflict with the established law of Florida. It is true that this Court in the case of Lindsay v. Thomas, *supra,* held that the plaintiff there was barred from recovery because of contributory negligence which involved an undue risk of harm on the theory that a reasonble man in the same position would not so expose himself. Contributory negligence is ordinarily a question for the jury. See Dunn Bus Service v. McKinley, 130 Fla. 778, 178 So. 865. The defendant's driver testified that he drove into the intersection at a speed of 25 miles per hour and a building at the corner obstructed his vision to the right and a city ordinance fixed the speed of motor vehicles at 30 miles per hour and the driver failed to observe the plaintiff until about the time of the collision of the two vehicles. The testimony clearly presented disputes and conflicts and under our system becomes an issue of fact for a jury. See Orr v. Avon Florida Citrus Corp., 130 Fla. 306, 177 So. 612; Tolls v. Waters, 138 Fla. 349, 189 So. 393.

The second question posed for adjudication by counsel for appellant is viz: In an action for personal injuries, should the plaintiff's attorney be permitted to deliberately and intentionally bring out on direct examination of his witness that the defendant carries liability insurance, when the existence of such insurance has no bearing or relevancy to any of the issues involved?

The plaintiff, George Raymond Eubanks, testified that for several weeks after the collision he was unable to recall many of the events connected with his injury. He was in the hospital for a long time and an employee of the insurance carrier desired a statement about the collision to send to the insurance carrier. The witness told the agent that his mind was not clear at that time about many of the events connected with the transaction, but acceded to the request of the agent and gave him a signed statement. When Eubanks was tendered for cross examination, counsel for appellant interrogated him about the contents of the statement made by him and delivered to an agent of the insurance carrier.

Apparent conflicts or contradictions existed in the testimony of Eubanks when testifying before the jury and the statement previously signed and delivered to the agent. Counsel for the appellant, out of turn and prior to the plaintiff resting his case, offered in evidence the signed statement of the plaintiff at a time when he was interrogating the witness on cross examination. Counsel for plaintiff did not object and the trial court admitted the statement so offered by the defendant and limited its consideration by the jury only as it affected the witness' credibility. Counsel for appellant developed on cross examination of the plaintiff that the insurance company had paid him compensation and hospital expenses and doctors' bills. Testimony was offered by counsel for the plaintiff to show his mental condition at the time of signing the contradictory statement. Likewise offered, in part, what the agent of the insurance company stated when the signed statement was obtained at the hospital, and it is contended that the lower court erred in denying appellant's motion for a mistrial. Counsel for appellant injected the insurance question into the trial of the case, as shown by the record, and when counsel for plaintiff below attempted to establish by testimony the mental condition and all the facts surrounding the plaintiff and the conversation, in part, had at the time with the agent of the insurance carrier, it is contended reversible error occurred. The previous rulings of this Court are cited in support of the contention. Counsel for appellant, by cross examination of the plaintiff and not within the scope of the direct examination, opened the door to this line of inquiry and now desires to close it and thereby prevent counsel for plaintiff below from a development for the benefit of the jury, the mental condition of the plaintiff, the conversation had by him with the agent of the insurance carrier, and the payment of compensation, hospital and doctor's bills. The untenableness of this contention is apparent. The question of insurance was improper, but counsel for defendant below injected the issue.

The trial court denied the motion for a mistrial and the record discloses the following:

"Mr. Smith: Now if your Honor please, we ask the jury to be withdrawn. (Last question and answer read). We ask your Honor to declare a mistrial, on account of the improper injection of insurance into the case. We hate to do it.

"The Court: I am not going to declare a mistrial. Gentlemen: I am going to instruct you at this time not to regard in any sense the question of whether or not this truck was insured; and you must base your verdict in this case solely upon the evidence in this case, exclusive of any consideration or thought whatsoever with reference to insurance and who should pay the money, if a sum is recovered, or who won't if none is recovered. In other words, free your minds entirely from the question of insurance in this case."

The appellant's third question posed for adjudication is viz: In an action for personal injuries sustained in a collision between two motor vehicles at an intersection, where one of the principal issues is as to which had the right of way, and where considerable evidence was adduced with reference thereto, should not the court instruct the jury specifically upon such issue, when requested to do so by the defendant in a proper manner? It was established that 19th Street N. W. was not a preferential street at the time of the collision and that an ordinance of the City of Miami provided, in effect, that vehicles entering a street intersection on different streets at the same time the one on the right had the right of way. There were no traffic control or stop signs at the intersection of 6th Avenue and 19th Street N. W. The refusal of the trial court to instruct the jury at the request of the appellant is alleged to constitute error. The requested charge is viz:

"6. You are instructed that, if you find that the defendant's automobile arrived at the street intersection appreciably in advance of the motorcycle on which Eubanks was riding, then the driver of the defendant's automobile had the prior right to cross and it was the duty of the motorcycle rider to yield the right of way to the defendant's driver."

The testimony discloses that the driver of the Ford truck approached the street intersection at an approximate speed of 25 miles per hour. He was familiar with the locus. On

the right was a building that obstructed the driver's vision of approaching vehicles when traveling east on 19th Street. The driver testified that he did not see the motorcycle until the vehicles collided. The city ordinance gave the right of way to the motorcycle approaching the intersection on 19th Street and one of the obligations resting on the truck driver was to observe provisions of the traffic ordinance. It is not error to decline to give a requested instruction, although it contains a sound principle of law and is applicable to the evidence, if covered by other instructions given by the trial court. See International Lubricant Corp. v. Grant, 128 Fla. 670, 175 So. 727; Atlantic Greyhound Lines v. Lovett, 134 Fla. 505, 184 So. 133. While the general instructions on the point in controversy as given could have been more explicit, we do not, under the circumstances as disclosed by the record, feel justified in awarding a new trial. If error exists, it was not harmful to the rights of appellant.

The fourth question posed for adjudication by counsel for the appellant is viz: In an action for personal injuries, should the court, in its charge to the jury, ignore the defendant's case, emphasize the plaintiff's case, and dwell at great length and in detail, to the exclusion of other important issues of law and fact, upon the items and amounts of damages recoverable by the plaintiff? It is the contention of counsel that the general instructions as given by the trial court were too broad or general in scope to protect and safeguard the right of the defendant below and requested that the trial court instruct the jury or give certain charges by them prepared and identified as defendant's requested charges Nos. 3, 4, and 5. These requested charges have been considered in the light of the instructions given. These requested charges were fully covered by the general instructions given by the trial court and the assignment is without merit.

Careful consideration has been given to the motion for a new trial and each ground thereof. We observe in ground No. 12 of the motion the disputed questions of fact.

There is nothing in the record in this cause to indicate that the trial judge was partial or prejudiced for or against either party to the litigation. Frequently during the trial

of stubbornly contested cases the patience and endurance of judges and counsel are heavily strained or taxed and on these trying occasions the better elements of our nature should predominate. The writer is in complete accord with the expressed views of counsel for the appellant to the effect that a suitor, as a matter of law, is entitled to have his cause considered with the cold neutrality of an impartial judge and an unbiased or an unprejudiced jury correctly and adequately instructed by the trial court upon all the law applicable to the controversy. Likewise this neutrality and impartiality of the court and jury under our judicial system, like the sword of Damocles, should remain suspended over each participant therein and be extended to each incident of the trial and proceedings from the impaneling and swearing of the jury until the entry of the order by the trial court on the motion for a new trial to the end that the law and right only shall prevail in our temples of justice. We are unable to find error in the record, and accordingly, the judgment appealed from is hereby affirmed.

It is so ordered.

BROWN, C. J., TERRELL, and THOMAS, JJ., concur.