JOSEPH W. McHUGH v. MIAMI TRANSIT COMPANY a Florida corporation.

32 So. (2nd) 735                                    June Term, 1947
November 25, 1947                                       Division B
Rehearing denied December 16, 1947.

*Perry A. Nichols* and *William C. Gaither,* for appellant.

*Worley, Gautier & Cannon,* for appellee.

ADAMS, J.:

The question here is whether the court below erred by ordering a remittitur of $20,000.00 from a $40,000.00 verdict in lieu of plaintiff to a new trial.

Plaintiff-appellant was injured by the negligent operation

of a bus operated by the Miami Transit Company. At the time of the injury plaintiff was 28 years old, was in good health, was married and had two children. His life expectancy was 36.73 years. His only trade was news printing as a press operator which yielded a salary of $3,900.00 annually.

Due to his injury he will never be able to resume his trade because he cannot remain on his feet for a long period of time. Other work which he might possibly be able to undertake would pay from $25.00 to $35.00 per week. Thus his loss in earnings might well exceed $25,000.00 after being reduced to its present value.

Few cases have revealed greater pain and suffering to a person as this will surely follow him for the remainder of his life.

After the accident plaintiff was unconscious for seven days; was confined to hospital for ten months—in bed for six months and in a wheel chair for four months. A large part of the flesh was torn from his lower limbs necessitating skin grafting with attendant pain and inconvenience. He will never regain his normal appearance and will suffer pain the remainder of his life. The present and future injury was fully proved by the uncontradicted testimony of eminent doctors.

The order discloses no analysis of the testimony which would necessitate limiting the recovery to $20,000.00. See Smith v. Jackson County, 129 Fla. 787, 176 So. 858. Neither does it appear that the jury, in the trial court's opinion, was influenced by passion or prejudice. Therefore the order was erroneous and it is reversed with directions to enter a judgment on the jury's verdict. See Albert v. Miami Transit Company, 154 Fla. 186, 17 So. (2nd) 89; Breeding's Dania Drug Co. v. Runyon, 147 Fla. 123, 2 So. (2nd) 376; City of Orlando v. Zapfe, 145 Fla. 120; 198 So. 801; Florida Motor Lines Corp. v. Barry, 158 Fla. 123, 27 So. (2nd) 753; International Lubricant Corp. v. Grant, 128 Fla. 670, 175 So. 727; Freel Distributing Co., Inc. v. Lenox, 147 Fla. 550, 3 So. (2nd) 157.

We have considered the cross assignments of error and find no merit therein.

Reversed.

THOMAS, C. J., BUFORD and BARNS, JJ., concur.