### YOKUM v. RODRIGUEZ.

Circuit Court, Dade County.
January 30, 1951.

For the July 15, 1949 opinion of the Supreme Court in this case see 41 So. 2d 446.

————•————

Nestor Morales and Frederick M. Lucarelli, both of Miami, for plaintiff.

Morehead, Pallot, Forrest and Brown, Miami, for defendant.

VINCENT C. GIBLIN, Circuit Judge.

The court has heard and considered the arguments of counsel in support of, and in opposition to, the defendant's motion (as amended) for a new trial.

The principal questions presented by the motion are: (a) Did the court err in declining to declare a mistrial when counsel for the defendant, contending that there had been improperly injected into the case the question of insurance, moved the court for such a declaration? (b) Did the court err in not directing the jury to return a verdict for the defendant? (c) Was the jury influenced improperly by the knowledge, belief or suspicion that insurance was involved? (d) Is the amount of damages assessed by the jury excessive?

In cross-examining Gloria Sardinas, a passenger in the defendant's automobile at the time of the accident, who was called as a witness for the plaintiff, counsel for the defendant questioned her concerning a written statement which admittedly she had signed on the day following the accident. The pertinent questions and answers were:

> Q. (By Mr. Brown) Do you recall that a statement was taken from you on or about May 20, 1948 at your residence, at which time there was present your daughter, Mrs. A. S. Delgado, Mike Rodriguez and someone from the office of Morehead, Pallot, Smith, Green & Phillips at that time, and that they took

114

your statement and reduced it to writing, and you signed it?

A. Yes. On that date I signed a paper, but I don't know exactly what it was, because it was very early in the morning, and it was soon after the accident, and I was in pain.

Q. Is this the paper that you signed?

The Court: She has already said it was.

Mr. Brown: I would like to have this marked for identification as defendant's exhibit A-1.

Q. (By Mr. Brown) Do you recall making the statement, Mrs. Sardinas—"Mike Rodriguez was driving about 30 to 35 miles per hour on the Tamiami Trail, just outside of Fort Myers, on a straight stretch of road"—do you remember making that statement?

A. I do not remember. At that particular time I was in pain, and worn out—badly worn out.

Q. Do you recall making this statement—"Mike Rodriguez was driving the car carefully. He was not driving fast. He was not at fault for the accident?"

A. I still say that I don't remember what I said, or what was in that statement.

Q. Your daughter Mrs. Delgado was present at the time, was she not?

A. Yes, she was there.

Q. Did she not tell you, or translate for you from the English to the Spanish what was in that statement?

A. My daughter was nervous also, as I was. She did, but she was nervous, as I was at that time.

Q. Your daughter was not in the accident, was she, Mrs. Sardinas?

A. No, she wasn't in the accident.

It will be noted that there was nothing in the testimony of Gloria Sardinas concerning insurance. Counsel for the defendant, however, elicited from her an admission that she had signed a written statement which conflicted in material respects with the testimony she gave at the trial. The statement was marked for the purpose of identification; and later, when the defendant's evidence was introduced, the statement was offered in evidence for the obvious purpose of attacking the credibility of the witness.

Following the testimony of Gloria Sardinas, her daughter, Alicia Delgado, was called as a witness for the plaintiff. The pertinent questions (asked her on direct examination) and her answers were:

Q. (By Mr. Lucarelli) Do you know Mrs. Yokum?
A. Yes, I do.

Q. Are you the daughter of Mrs. Sardinas?
A. Yes, I am.

Q. Do you remember when your mother and Mrs. Yokum got hurt in the accident?
A. I do.

Q. Were you home when they got home?
A. I was sent for when they arrived.

Q. Do you remember what day it was?
A. May 20th.

Q. Was that in the morning?
A. I was sent for in the evening.

Q. Did you witness this thing? Is this your signature?
A. Yes, it is.

Q. Tell the jury the circumstances under which you witnessed this paper.
A. Well, early in the morning this gentleman came in, and he said that he was representing the insurance company.

No objection was interposed to counsel's direction to the witness to "tell the jury the circumstances under which you witnessed this paper." Her response that "early in the morning this gentleman came in, and he said that he was representing the insurance company" is the sole basis for the contention that the question of insurance was improperly injected into the case.

It is my judgment that in the situation, which was produced by counsel for the defendant, the plaintiff had the right (on rebuttal at least, if not in presenting her case in chief) to show the circumstances under which the statement, relied on by the defendant as a reflection on the credibility of the witness who had signed it, was procured, even to the extent of showing that it had been obtained by an insurance company's agent or employee. Counsel for the defendant had deliberately opened up this line of inquiry and then sought to close it by having a mistrial declared merely because it was shown or intimated that the statement was signed at the instance of an insurance company's agent or employee. This position, I think, is untenable. See Turner v. Modern Beauty Supply Co. (Fla.), 10 So. 2d 488. Furthermore, it should be observed that the testimony of Alicia Delgado did not show or indicate that the agent or employee was an agent or employee of an insurance-

company which had insured the defendant against liability for injuries to passengers in his automobile. For aught to the contrary shown by her testimony, he may have been an agent or employee of an insurance company by which Gloria Sardinas had been insured against accidental injuries.

It is concluded, therefore, that there was no error in the court's refusal to declare a mistrial.

It has been argued, in support of the motion for a new trial, that there was no evidentiary basis for submission to the jury the question whether the defendant was guilty of gross negligence; and that, therefore, the court should have directed the jury to return a verdict for the defendant.

I am of the opinion that there was sufficient evidence adduced by the plaintiff (although violently contradicted in material respects by the defendant) to provide a proper predicate for the submission of the case to the jury. There was evidence that at the time of the accident it was raining; that the paved highway along which the defendant was driving his automobile was wet and slippery; that he was driving at an excessive rate of speed (estimated by the plaintiff and another passenger at approximately sixty miles an hour); that immediately prior to the accident one of the passengers had remonstrated and had asked him to diminish the speed of the car; that, to answer the remonstrating passenger, who was seated in the rear of the car, he diverted his attention from the roadway, fixed his gaze on her and told her to "keep her damned mouth shut"; that the highway was elevated in the center and sloped to its sides; that to pass a truck which had been proceeding along the highway in the same direction, but which was being driven off the highway to the right, and without diminishing the speed of the car, he swerved or crossed to the left of the center or "crown" of the highway and then, after passing the truck, attempted to regain the right side of the highway; and that the car then skidded, hurdled a ditch at the right of the highway, overturned and crashed into a pole.

The court adheres to its ruling that the evidence was such as to require the submission to the jury for determination the question whether the defendant was grossly negligent.

Appended to the defendant's motion for a new trial are the affidavits of two of the jurors, each of whom has sworn that the jurors considered that insurance was involved and dis-

cussed it in the jury room. Neither of them has sworn that he or any of the other jurors was influenced by such consideration and discussion to disregard his duty to determine from the evidence whether the defendant was grossly negligent, without regard to the question of insurance, and, if so, to fairly assess damages, without regard to such question. Counter-affidavits of four of the jurors have been filed by the plaintiff. One of the counter-affiants made one of the affidavits appended to the defendant's motion for a new trial. Each of the counter-affiants has sworn that the verdict was not influenced in any wise by the question of insurance.[1]

I do not think that the jurors were improperly influenced. See Wall v. Little (Fla.), 136 So. 676.

The amount of the damages assessed ($10,000) does not appear to be excessive in the light of the evidence as to the nature and extent of the plaintiff's injuries and the pain and suffering which they occasioned and as to the amounts expended and obligations incurred by the plaintiff in her effort to cure or alleviate her ailments.

Aside from the questions discussed, the defendant complains of the court's failure to give certain requested charges. I have reviewed the instructions given the jury and find in them no error prejudicial to the defendant and no error in the refusal

---

[1] Defendant filed a juror's affidavit stating: "In view of the remark made by one of the lady witnesses concerning the insurance company representative, all the jurors considered the fact that insurance was involved and we discussed the matter in the jury room."

Defendant filed another juror's affidavit stating: "We all knew that insurance was involved in this case and we discussed it quite freely in the jury room when we were deciding the verdict." *Plaintiff* thereafter filed a supplemental affidavit from the same juror stating: "That confirming the affidavit previously made by me, I also say that I as a juror found the verdict on the merits of the case and the fact that defendant was insured had nothing to do with our verdict or the amount of the verdict."

Plaintiff filed three substantially identical affidavits from the foreman and two other jurors saying: "That affiant knew that there was a question of insurance involved because two of the proposed jurors were excused immediately when it was discovered that they were connected with an insurance company. However, affiant deposes and says that the question of insurance did not influence the affiant or any of the jurors in any way in the rendering of their verdict; that the amount of the verdict was based by the jurors upon their consideration of the evidence in the case as to the negligence and damages of the parties." To the foregoing the foreman added: "The question of insurance company was only a surmise. Very little was said about insurance."

to give any of the requested charges. The general charge seems adequate. No cautionary charge as to insurance was requested by the defendant. It is now urged that the court of its own motion should have given such a charge as was given in Turner v. Modern Beauty Supply Co., supra. The fault (if any) however, was not that of the court.

For the reasons stated, the motion for a new trial (as amended) is denied; and a final judgment in the plaintiff's favor will be entered accordingly.