101 So.2d 181 (1958)
Lewis H. SAUNDERS, Appellant,
v.
Benjamin KAPLAN, d/b/a Old Mexico, Appellee.
No. 57-207.
District Court of Appeal of Florida. Third District.
March 13, 1958.
Rehearing Denied April 3, 1958.
*182 Charles H. Wakeman, Jr., Miami, for appellant.
Knight, Smith, Underwood & Peters and William M. Hoeveler, Miami, for appellee.
PEARSON, Judge.
Appellant Saunders, who was plaintiff below, seeks reversal of summary final judgment entered in favor of appellee, Kaplan, doing business as "Old Mexico." The defendant's business establishment was a cocktail lounge with an outside dance patio. The action was for personal injuries allegedly caused by an unsafe condition, i.e., rainwater or in the alternative, a wet slippery substance on the dance floor. The court had before it at the time of the entry of the summary final judgment the complaint, the answer and the discovery deposition of the plaintiff taken by the defendant. In the judgment, the trial judge found specifically that from the evidence submitted the plaintiff was guilty of contributory negligence as a matter of law.
The only point to be determined is whether the deposition of the plaintiff admitted facts which under the circumstances so conclusively demonstrated he did not exercise ordinary care for his own safety, that reasonable men could not differ from that conclusion. Any doubt in this determination must be resolved for the plaintiff and in favor of a trial of the issue. Brightwell v. Beem, Fla. 1956, 90 So.2d 320, 323.
We find that the lack of ordinary care was not so conclusively demonstrated by the deposition of the plaintiff.
It is recognized that summary judgments must be cautiously granted in negligence cases. The issues of negligence and contributory negligence are ordinarily for a jury's determination. Southern Express Co. v. Williamson, 66 Fla. 286, 294, 63 So. 433, 436, L.R.A. 1916C, 1208; Turner v. Modern Beauty Supply Co., 152 Fla. 3, 6, 10 So.2d 488, 490.
*183 In the instant case we are not concerned with the issue of negligence, since a finding of contributory negligence presupposes the existence of negligence on the part of the defendant. Winner v. Sharp, Fla. 1949, 43 So.2d 634, 636. See also 38 Am.Jur. 853, Negligence, § 177 and cases cited therein.
The facts as related by the plaintiff in his deposition were that upon the evening of the accident the plaintiff entered the defendant's cocktail lounge shortly after a shower of rain. The interior was very dimly lit. He observed one of the waitresses using a mechanism, commonly referred to as a squeegee, to remove the water from the terrazzo or cement floor. An orchestra provided by the defendant was playing dance music and a printed sign invited patrons to dance. After the waitress put away the squeegee, she stated in response to plaintiff's question, that patrons were now permitted to dance. Shortly after beginning to dance the plaintiff slipped to the floor and injured his knee.
The appellee suggests that this case is governed by the decisions in the cases of Clyde Bar, Inc. v. McClamma, 152 Fla. 118, 10 So.2d 916 and Chambers v. Southern Wholesale, Fla. 1956, 92 So.2d 188. In the first case mentioned the plaintiff, therein, fell on the slippery floor of a barroom. The opinion does not give us a full statement of the facts; however, it is stated that it did not appear the danger was in any way hidden. The accident certainly occurred in the day time because it was stated that the plaintiff spent almost an entire night in the bar partaking of whiskey and beer, and that she left about six o'clock in the morning and returned shortly thereafter to have breakfast. The case was decided after a full trial and all witnesses had been heard. The Supreme Court found that no actionable negligence was shown. In the instant case the plaintiff had just entered the premises, and had not previously visited the establishment for eighteen months. The area was dimly lit. He was permitted, invited and the music provided may have urged him to dance. We find that reasonable men might under such circumstances have concluded he was excused from a close inspection of the dance floor provided and prepared by the drying operation for use. See also Rainbow Enterprises v. Thompson, Fla. 1955, 81 So.2d 208.
In the Chambers decision, supra, the plaintiff slipped and fell upon water which had accumulated on a public sidewalk due to the melting of a block of ice delivered by the defendant. A summary judgment was entered for the defendant ice company and the Supreme Court affirmed the judgment. It was pointed out in the opinion that the puddle was in plain view and was clearly visible by daylight, and the court found that the presence of water on a public sidewalk is not unusual. Under these facts it was held [92 So.2d 190] "* * * in the absence of circumstances that would justify her failure to apprehend and avoid the danger, she is barred by her contributory negligence from recovering damages against the defendants." As further pointed out in the last mentioned opinion "These cases arise in a wide variety of factual situations and each must be considered in the light of its own facts." Considered in the light of the facts that the plaintiff in the instant case was an invitee in a place of public amusement, that it was dimly lit, and further that he may have been led by the actions of defendant's agents to believe it was safe to use the facilities provided, we are constrained to hold that the issue of contributory negligence should not have been tried upon a motion for summary judgment.
Reversed.
CARROLL, CHAS., C.J., and HORTON, J., concur.