107 So.2d 780 (1958)
William PALOV, Appellant,
v.
FLORIDA POWER & LIGHT COMPANY, a corporation, Appellee.
No. 58-110.
District Court of Appeal of Florida. Third District.
December 30, 1958.
Rehearing Denied January 26, 1959.
Nichols, Gaither, Green, Frates & Beckham, Douglas M. Carlton and Sam Daniels, Miami, for appellant.
Brigham, Wright, Dressler & Rearick, Miami, for appellee.
PEARSON, Judge.
The plaintiff appeals from a summary final judgment for the defendant. The action sought damages for a personal injury. The complaint charged that the defendant negligently constructed or maintained its power lines so as to proximately cause the injuries of the plaintiff. The answer denied all the material allegations of the complaint and pleaded the affirmative defenses of contributory negligence and sole *781 negligence on the plaintiff's part. The record presented is lengthy, consisting of some 393 pages. It includes nine affidavits and seven depositions representing the expected testimony at trial of fifteen witnesses. The appellant urges that the granting of defendant's motion for summary judgment was error. Based upon a holding that the record does not affirmatively show there is no genuine issue as to any material fact and does not affirmatively show that the defendant is entitled to a judgment as a matter of law, the summary final judgment is reversed and the cause remanded for a trial.
The pleadings, depositions and affidavits on file reveal that the accident, with which we are here concerned, occurred during the construction of a series of one-story residences. The plaintiff was the "bucket man" on a crane, which was being used to hoist concrete mix to the top of the walls of one of the houses. His duties were to stand upon the forms at the top of the wall and guide the bucket so that the concrete mix would be poured in the proper place and amount. The plaintiff, in the performance of this job upon this project had poured about twenty houses. On all of these there had been a sufficient clearance between the power lines at the rear of the houses and the pouring operation. It appears that it was assumed by the plaintiff and his fellow workers that the clearance between the power lines and the house where the accident occurred was the same as it had been upon the house which had just been poured. This was not true. The lines were strung upon poles erected in an easement at the rear of the lots. The easement made a jog at the house where the accident occurred because of a difference in lot size. The power line involved was either 14.4 inches or 20 inches outside of the easement, (according to whether one accepts the version of defendant's or plaintiff's expert witness) bringing it closer to the wall under construction. The plaintiff and his fellow employee, the crane operator, failed to check the clearance. As the plaintiff was pouring the third bucket of concrete, he rounded the northwest corner of the lintel of the house, with the bucket moving in front of him, and he turned easterly. At this point the load line of the crane, to which the bucket was attached, came into contact with the power line. The plaintiff received an electrical shock and fell to the ground.
Two questions immediately present themselves. Does the record establish that the plaintiff could not prove negligence of the defendant if a trial were had? Does it establish that the plaintiff was guilty of contributory negligence as a matter of law? If either are answered in the affirmative, the summary judgment must be affirmed.
The appellant urges that the very size of the record demonstrates that the trial court should not have granted a summary judgment, because to decide the motion it was necessary for the trial judge to consider nine affidavits and seven depositions along with numerous photographs and an engineering sketch, or a total record of almost four hundred pages. The appellant cites Williams v. City of Lake City, Fla. 1953, 62 So.2d 732, and Saunders v. Kaplan, Fla.App. 1958, 101 So.2d 181, as authority for his argument. We do not agree that weight of the record alone bars summary judgment, although it may be true that a lengthy record increases the possibility of material conflicts in the testimony to be presented at a trial.
In Williams v. City of Lake City, supra, Mr. Justice Drew, speaking for the Court, was careful to point out that, although summary judgments should be sparingly granted so as not to infringe upon the constitutional right to a jury trial, nevertheless, where there is no genuine issue of any material fact, a summary judgment should be granted. In Saunders v. Kaplan, supra, the prudence necessary was recognized as well as the often stated protestation that the issues of negligence and contributory negligence are ordinarily for a jury's determination.
We turn then to the questions of whether it can be said that the record precludes *782 a finding of negligence or impels a finding of contributory negligence. In this consideration it is necessary for the movant not only to show that there is no genuine issue as to any material fact, but in addition thereto that the moving party is entitled to judgment as a matter of law. Farrey v. Bettendorf, Fla. 1957, 96 So.2d 889.
An examination of the seven affidavits offered by the defendant in support of its motion reveals that four are of its own employees, two are of other expert witnesses and one is that of the concrete contractor. The depositions were of the plaintiff, the crane operator, the mixer truck operator, the president of the crane company, an engineer of the builder, and two partners of the company building the houses involved. It must be borne in mind that there is no opportunity to cross-examine an affidavit. This fact may have more significance where the affidavits presented are those of employees of the moving party or those whose interests are similar to the moving party's interests. See Dulansky v. Iowa-Illinois Gas & Electric Co., 8 Cir., 1951, 191 F.2d 881.
The opposing party presented an affidavit of the plaintiff and an affidavit of an expert, who tendered his opinion that the location of the wires, being outside of the easement, constituted "a departure from sound electrical engineering practices". The fact that the defendant had placed its wires outside of the easement boundary, coupled with the expert testimony upon the subject, created a genuine issue as to a material fact, bearing upon the alleged negligence of the defendant.
It has often been held in this State that contributory negligence is ordinarily an issue for the jury. Turner v. Modern Beauty Supply Co., 152 Fla. 3, 10 So.2d 488; Steele v. Independent Fish Co., 152 Fla. 739, 13 So.2d 14; Martin v. Stone, Fla. 1951, 51 So.2d 33; Saunders v. Kaplan, Fla.App. 1958, 101 So.2d 181; Deane v. Johnston, Fla. 1958, 104 So.2d 3. The exception of course is where contributory negligence is made to appear as a matter of law from the facts which are established without issue. Fields v. Quillian, Fla. 1954, 74 So.2d 230. His position on top of the wall under construction may have caused him to rely, in part, upon others for his safety. Whether this reliance, if proved, constituted contributory negligence can be better evaluated at trial. It is sufficient that we do not find that his contributory negligence conclusively appears as a matter of law.
The summary judgment appealed is reversed and the cause remanded for trial.
Reversed.
CARROLL, CHAS., C.J., and HORTON, J., concur.