HORTON, Chief Judge.
This appeal is from a summary judgment entered in favor of the defendant in a *807 personal injury action. The plaintiff allegedly slipped and fell in the entranceway of defendant’s store. Defendant’s motion for summary judgment was based upon the pleadings and deposition of the plaintiff. The deposition reveals that the plaintiff had entered the defendant’s premises for the purpose of purchasing a bathing cap, at which time she had not observed any substance in the entranceway; that upon leaving the premises through the same en-tranceway, she slipped upon a substance described as oil or grease. Her deposition further reveals that following the fall, she was assisted by the store manager who indicated to her that someone had dropped a bottle of oil or suntan lotion and that he [the manager] had picked up the glass or sent someone to pick it up; that during the time he had gone to mail a letter the fall had occurred. The plaintiff’s testimony showed that upon leaving the premises she was looking ahead; that she was not looking down and did not see the substance in the entranceway. She further testified that she could have seen the oil had she looked down.
The judgment entered does not indicate whether the granting of the defendant’s motion was based upon the plaintiff’s failure to show actionable negligence on the part of the defendant or upon a finding that plaintiff was guilty of contributory negligence as a matter of law.
It is clear that summary judgment should be cautiously granted in negligence cases since the issues of negligence and contributory negligence are ordinarily for the jury’s determination. Turner v. Modern Beauty Supply Co., 152 Fla. 3, 10 So.2d 488; Saunders v. Kaplan, Fla. App.1958, 101 So.2d 181. Upon a careful review of the pleadings and deposition, we conclude that the question of whether or not the manager’s failure to remedy the dangerous condition after being placed upon notice constituted actionable negligence, is one for jury determination.
Next, we proceed to the question of whether or not the pleadings and deposition of the plaintiff demonstrate that she was guilty of contributory negligence as a matter of law.
In support of the summary judgment, the appellee has cited Earley v. Morrison Cafeteria Co., Fla.1952, 61 So.2d 477, for the proposition that where a person has crossed a hazard he cannot complain of lack of knowledge, even though approach from the other direction may conceal the hazard. In the Earley case, the plaintiff entered the cafeteria by crossing over a door mat and upon leaving, tripped on the mat. As pointed out in Chambers v. Southern Wholesale, Inc., Fla.1956, 92 So.2d 188, summary judgment cases arise in a wide variety of factual situations and each must be considered in the light of its own facts. Here there was no showing that the substance upon which the plaintiff slipped was in the entranceway at the time she entered the store, but on the contrary, the only evidence is that she did not observe any substance in walking over the same area and did not slip. The pleadings and deposition do not suggest that the plaintiff should have suspected the existence of a dangerous condition, and in the absence of such showing, it would not necessarily constitute contributory negligence to fail to look out for danger when there was no reason to apprehend any. See First Federal Savings & Loan Ass’n of Miami v. Wylie, Fla.1950, 46 So.2d 396; Chambers v. Southern Wholesale, Inc., supra; Wallace v. Boca Raton Properties, Inc., Fla.App.1958, 99 So.2d 637; City of Tampa v. Banks, Fla.1960, 120 So.2d 788.
The summary judgment appealed is reversed and the cause is remanded for further proceedings.
Reversed and remanded.
PEARSON and CARROLL, CHAS., JJ., concur.