JOSEPH F. STEELE v. INDEPENDENT FISH COMPANY, INC., a corporation.

13 So. (2nd) 14                                      January Term, 1943
April 16, 1943                                            Division A

*Fisher & Fisher,* for appellant.

*John M. Coe,* for appellee.

TERRELL, J.:

Appellant brought a common law action against appellee to recover damages for injury to his truck and its contents resulting from negligence on the part of defendant. A demurrer to the declaration was sustained, final judgment was entered for the defendant, and the plaintiff appealed.

It appears from the declaration that plaintiff was driving his truck loaded with blueberries along the highway leading to Crestview, that defendant's truck was parked in a curve wholely on the highway, that it was in the night time and defendant's truck was parked in such a way that the bright lights from it shown across the curve in the direction from which plaintiff was approaching. There were no flares or warnings out and as plaintiff approached the curve, he thought defendant's truck was moving toward him but when he found that it was not, the light from it was at such a position that he became confused. In attempting to pass it (defendant's truck) he turned too far off the shoulder and overturned his truck damaging it and its contents. The declaration also alleges that the plaintiff was driving his truck in a lawful manner, at a reasonable speed, that it was under control for all ordinary contingencies and that the

negligence of defendant in parking his truck was the cause of the accident.

In fine, the declaration is grounded on these acts of negligence: (1) The parking of defendant's truck wholely on the highway at night, (2) Leaving the lights shining so that they fell across the path of the plaintiff, and (3) Neglecting to set out flares or other signals to warn the public. These acts are all condemned by the statute and the demurrer raising the defense of contributory negligence admits their commission.

This Court has repeatedly held that contributory negligence is a question of fact for the jury. It is negligence per se to leave a truck parked in a curve on a traveled highway at night with the lights shining and no flares out. It throws the light in an unnatural position across the highway; it blinds and is confusing to those passing; they can never be certain what is in the rear of the parked truck or what the condition of the curve is and passing at any speed is accompanied with a degree of uncertainty and suspense that is uselessly imposed. The law does not require one approaching a beam thus thrown athwart his path to dismount, park, and penetrate it afoot or dispatch a courier to ascertain the state of the terrain on the other side.

In our view, the allegations of the declaration show that defendant erected a hazard in the path of the plaintiff who may or may have not been negligent in attempting to pass it. At any rate, this was a question for the jury which under the facts related should have been submitted to them with appropriate instructions.

Reversed.

BUFORD, C. J., CHAPMAN and ADAMS, JJ., concur.