R. E. WELLS AND FLORENCE WELLS v. PALM BEACH KENNEL CLUB, et al.

35 So. (2nd) 720            January Term, 1948
June 1, 1948                  Division A
Rehearing denied June 30, 1948

*Paty, Warwick & Paul,* for appellants.

*Earnest, Lewis & Smith,* for appellees.

TERRELL, J.:

R. E. Wells and Florence Wells, husband and wife, sued Palm Beach Kennel Club in a law action for personal injuries, the first count of the declaration alleging in substance that defendant operates a dog race track in Palm Beach County, and that on April 17, 1946, plaintiffs were patrons of said track. After viewing the races from the grandstand they proceeded to leave the premises which defendants were required to keep in good and reasonably safe condition, yet notwithstanding such duty, they did carelessly and negligently permit an empty bottle to be in the aisle of the grandstand that defendants knew, or could have known by the exercise of reasonable diligence, that it was there, that plaintiff Florence Wells stepped on said bottle which rolled from under her foot causing her to fall to the floor with great force, and, as a result of said fall, she did injure her body, arms, legs, shoulders and lower spine.

The second count is not materially different from the first. It seeks to recover damages in behalf of the husband for expenses incurred, loss of consortium and loss of his wife's services and companionship as a result of her injuries. The case went to trial on the plea of (1) Not guilty, and (2) contributory negligence. At the conclusion of plaintiff's testimony a motion for directed verdict in favor of the defendant was granted. Motion for new trial was overruled, final judgment was entered for the defendant and the plaintiffs appealed.

The only question we are required to answer is whether or not the trial court committed error when he took the case from the jury and instructed it to return a verdict for the defendant.

The motion for an instructed verdict appears to have been made and granted on the theory that the evidence in a case like this must show that the owners of the race track or

504

their agents must have had actual or constructive knowledge of the presence of the bottle from which plaintiff was injured, and that if constructive knowledge is relied on, the evidence must show that it had been there a sufficient time for the owners, in the exercise of reasonable care and diligence, to have found and removed it. They contend that the evidence in this case is completely devoid of any such showing.

It is true that such a rule has been imposed on stores, banks, shops and other business places of that character, but we think a different rule. applies to a place of amusement like a race track where patrons go by the thousands on invitation of the proprietors, and are permitted to purchase and drink bottled beverages of different kinds and set the empty bottles anywhere they may find space to place them. It is charged that the day that plaintiff was injured was the last day of the racing season, that the crowd was large and that many patrons were directed to sit in the exit aisles, permitted to drink from bottles and deposit the empty bottles anywhere they could find space for them.

Places of amusement where large crowds congregate are required to keep their premises in reasonably safe condition commensurate with the business conducted. If the owner fails in this, and such failure is the proximate result of injury to one lawfully on the premises, compensatory damages may be recovered if the one injured is not at fault. J. G. Christopher Co. v. Russell, 63 Fla. 191, 58 So. 45, text 47. One operating a place of amusement like a race course where others are invited is charged with a continuous duty to look after the safety of his patrons. Both sanitary and physical safety of its patrons require that receptacles be provided for bottles and that they be so placed.

We do not mean to imply that they are insurers of the safety of their patrons, but we do say that reasonable care as applied to a race track requires a higher degree of diligence than it does when applied to a store, bank or such like place of business. Numerous cases support this conclusion. Lonatro v. Palace Theatre Company, 5 La. App. 386; Bouchee v. Paramount-Richards Theatres Inc. _____ La. _____, 30 So. (2nd) 211; Branch v. Klatt, 165 Mich. 666, 131 N.W. 107; Boechling

Co. v. Slattery, 26 Ohio App. 261, 160 N.E. 99; Thompson v. Lowell, Lawrence & Haverhill Street Railroad Co. 170 Mass. 577, 40 L.R.A. 345.

It is charged that defendants permitted the exit aisles of their grandstand where patrons were seated to become littered with empty beverage bottles, that the crowd was large, the aisles were filled with people, all of which added to the difficulty of walking surefootedly. Under such circumstances the question of whether or not defendants exercised ordinary care to protect its patrons, was a question for the jury under appropriate instructions.

For these reasons we think the trial court applied the wrong rule of law to the evidence so his judgment is reversed and a new trial awarded.

Reversed.

THOMAS, C. J., CHAPMAN and SEBRING, JJ., concur.