58 So.2d 160 (1952)
MERTZ
v.
KRUEGER et al.
Supreme Court of Florida, Division A.
March 11, 1952.
Rehearing Denied April 28, 1952.
*161 Baynard & Baynard, St. Petersburg, and A. Pickens Coles, Tampa, for appellant.
Forrest Hoffman, St. Petersburg, and Ralph Richards, Clearwater, for appellees.
TERRELL, Justice.
The declaration in this case alleges that appellees, defendants below, were the owners of certain improved realty in Pinellas County, consisting of five cottages, facing the Gulf of Mexico, better known as Colonial Village. The elevation of Colonial Village was about ten feet above the beach and was supported by a protective wall or bulkhead extending along the beach line from one end of the property to the other. The beach line was considerable distance from the water. It is further alleged that on October 10, 1947, appellant, plaintiff below, was a guest in one of said cottages, that defendants carelessly and negligently permitted their premises to be left without a light, guard rail, fence or other warning along the bulkhead, that such condition was dangerous to human life, that plaintiff without knowledge or notice thereof was proceeding to the waters of the Gulf of Mexico and walked over the bulkhead and fell to the rocks below, a distance of about ten feet. As a result of said fall it is alleged that plaintiff was seriously and permanently injured, that she sustained a fracture of the neck of the left femur, causing a physical deformity, the shortening of her left leg and curvature of the spine. It was further alleged that plaintiff suffered great physical and mental pain and was confined to the hospital for 56 days, by reason of which she is severely handicapped in the performance of her vocation.
A demurrer to the declaration and motion for compulsory amendment were overruled. The declaration was amended and there were other preliminary pleadings but the case went to trial on pleas of the general issue, contributory negligence, nonjoinder of parties defendant and that plaintiff was not an invited guest. At the conclusion of plaintiff's testimony the court directed a verdict for defendants, wherein he found that they were free from negligence and that "there was sufficient evidence to show that the plaintiff herself was guilty of contributory negligence." A motion for new trial was denied and the plaintiff appealed.
Six questions are urged for determination, all of which challenge the correctness of the order of the trial court directing a verdict for defendants. Since this is the case, the ultimate point with which we are concerned is whether or not the evidence affecting the issues raised by the pleas to the declaration was sufficient to go to the jury.
The evidence discloses that two friends of appellant engaged the cottage in question for the week-end of October 10, 1947, consideration of $14, that defendants were advised and consented to plaintiff using the cottage as guest of her friends. Plaintiff and friends went to Colonial Village late Friday afternoon and took charge of the cottage. They placed their luggage and groceries in the place appointed and prepared to go swimming. The plaintiff had never been to Colonial Village before and was not warned of the dangerous condition (bulkhead) in front of the cottage. The plaintiff proved these facts including every other material allegation of her declaration, viz.:  that defendants were the owners of Colonial Village, that it consisted of five rental cottages, that plaintiff was an invitee of defendants, that defendants permitted their premises to be left without a guard rail, fence or other warning to put one on notice of the bulkhead and the drop over it, that it was a short distance on level sand from the cottage to the bulkhead, that without knowledge or notice of this dangerous *162 condition, plaintiff fell from the ground level to the beach below from which she received serious and permanent injuries.
The five cottages composing Colonial Village were in a row facing the beach with a sidewalk in front of them. The sand level on the premises had the appearance of a continuous beach. The reason for this appearance no doubt was that it was about dark, in the gloaming, when plaintiff started walking from the cottage toward the beach. She knew nothing of the bulkhead which was a short distance in front of the cottage and had no warning whatever of danger. There were steps from the top of the bulkhead to the beach but they were not indicated by light or guard rail. It is a general rule that the owner of rental property is required to keep it in reasonably safe condition. The invitee had a right to expect this. National Brands, Inc., v. Norton Tire Company, Inc., 150 Fla. 349, 7 So.2d 456; Hall v. Holland, Fla., 47 So.2d 889; J.G. Christopher Co. v. Russell, 63 Fla. 191, 58 So. 45.
There is no fixed rule of law governing the question of negligence in a case of this kind but every case must stand or fall on its own facts. The general rule is that liability exists if the invitee is injured by reason of dangers on the premises of which she was not advised and which the owner by reasonable care could have anticipated and prevented. It is also the rule that one is not guilty of contributory negligence if he fails to look out for danger when there is no reason to apprehend danger. Sears, Roebuck & Co. v. Geiger, 123 Fla. 446, 167 So. 658.
Here we have a case in which defendants were renting beach cottages to vacationists for rest and recreation. If there was ever a place where one would not be expected to be on the lookout for pitfalls, booby traps, or other dangers, this would seem to be the one. The plaintiff in this case had connection with the public school system of Hillsborough County, her life was not yet in the yellow leaf so we may assume that she would be reasonably alert to foresee and avoid danger.
The trial court apparently took the position that it was the duty of the defendants to furnish plaintiff a reasonably safe place for lodging but that they were not required to put warnings of any kind in front of their premises. The court also held that by the exercise of reasonable diligence plaintiff could have ascertained whether or not there was a light, guard rail or other barrier to put her on notice of the danger. The courts over the country are committed to the doctrine that whether or not defendants exercised ordinary care to protect their patrons in cases like this is a question for the jury under appropriate instructions. Wells et ux. v. Palm Beach Kennel Club, 160 Fla. 502, 35 So.2d 720. This court has repeatedly held that the question of contributory negligence is a question of fact for the jury. Steele v. Independent Fish Co., Inc., 152 Fla. 739, 13 So.2d 14.
A large volume of evidence was taken in support of the allegations in the declaration. The question of negligence on the part of defendants and contributory negligence on the part of the plaintiff were questions for the jury if there was any substantial evidence supporting or denying either. Even if the evidence was controversial it should have gone to the jury with appropriate instructions as to the law and facts pointed out herein. It is accordingly our view that the trial court invaded the province of the jury when he undertook to settle these questions.
The judgment appealed from is therefore reversed and a new trial awarded.
Reversed.
SEBRING, C.J., and THOMAS and HOBSON, JJ., concur.