81 So.2d 208 (1955)
RAINBOW ENTERPRISES, Inc., a Florida corporation, Appellant,
v.
Estelle Louise THOMPSON and Willard C. Thompson, her husband, Appellees.
Supreme Court of Florida. Division B.
June 15, 1955.
*209 Fowler, White, Gillen, Yancey & Humkey and Henry Burnett, Miami, for appellant.
Rosenhouse & Rosenhouse and Irving E. Dunn, Miami, for appellee.
THORNAL, Justice.
On September 17, 1952 during mid-afternoon appellees were paying patrons of Rainbow Gardens, a scenic tourist attraction operated by appellant near Dunnellon. The Gardens offer restaurant facilities, boating, swimming, scenic trails, landscaped grounds, and could be described generally as rustic in appearance and development. The restaurant building is approached from the north by a stairway leading to a terrace more or less surrounding it. From this terrace there is a second stairway leading to a lower terrace. From the latter there is a third stairway down to a path leading to the boathouse.
The steps of the first and second stairways are "capped" with cement while those comprising the third stairway are made of natural rock. The first terrace was leveled over with cement according to a picture exhibited in evidence, while according to the testimony the second terrace was surfaced with natural rock. The alleged injury to appellee, Estelle Louise Thompson, occurred when she was descending the third stairway and apparently tripped when the heel of her shoe caught in a depression variously described as a "hole", a "crevice" or a "concave surface" about six inches long and about one inch deep at the center. The width is not shown.
Appellees had never before visited Rainbow Gardens and the only time prior to the injury that they traveled over the stairs described was on their way down to the boathouse. There was no evidence of any warning sign suggesting any possibility of danger at any place described in the record. Other evidentiary matters will be summarized in our discussion of the assignments of error.
For the injuries received when she allegedly tripped and fell down the third flight of stairs, appellee Estelle Louise Thompson sued appellant, and was joined by her husband who claimed damages for *210 expenses, loss of consortium, etc. Appellees claimed that appellant was negligent in failing to maintain the steps in a good and usable condition or in the alternative in maintaining the steps in a dangerous and hazardous condition without warning of such condition. Appellant denied negligence and claimed contributory negligence on the part of Mrs. Thompson. Appellant offered no testimony but relied entirely on cross-examination of appellees' witnesses to sustain its position.
Over the objection of appellant the Circuit judge let the cause go to the jury which brought in a verdict of $4,000 for the wife and $800 for the husband. From a denial of a motion for a new trial appellant appeals seeking reversal on the grounds that appellee-wife was guilty of contributory negligence as a matter of law; that the evidence of negligence was insufficient to justify submission to a jury; that permitting evidence of the condition of the first and second stairways created a harmful collateral issue and that an instruction to the jury requested by appellees and hereafter quoted was an erroneous statement of the law applicable.
The questions of contributory negligence and the sufficiency of evidence of negligence may be discussed together.
Appellant contends that under the circumstances shown, the appellee-wife being a lady 45 years of age, weighing 160 pounds, and carrying a pocketbook and a camera when she walked down the steps in question, was guilty of contributory negligence because she testified that she was "not particularly looking at the steps as [she] went down them" and that she was looking just "out and around".
The surrounding circumstances and the relationship of the parties are always elements to consider in cases of this nature. Appellant was in the position of a public attraction that invited people, for a fee, to visit the gardens, eat at the restaurant, take a boatride, go swimming and generally enjoy the scenic trails and beautiful grounds. This invitation the appellees accepted along with others. Actually, the attractiveness of the locale was such that people would normally and naturally just look "out and around." True, the terrace from which appellees descended was surfaced with rough rock but the record shows also that the other stairways which appellees had just previously used were "capped" or smoothed over with cement suggesting the probability of similar treatment of the third flight.
There appears to be no doubt that the "hole", or "crevice" or "concave surface" existed in the step where appellee-wife tripped and fell. Whether, under the circumstances of this case, appellant should have warned against the change in the surface of the steps, or should have "capped" the third flight with cement, as it did the first two, or, whether appellee-wife should have noticed the defect or been sufficiently put on notice by the surface of the terrace from which she descended, are all elements which appropriately were delivered to the jury as reasonable men to determine the existence of negligence or contributory negligence in the light of all of the attendant circumstances. We find no error in the Circuit Court's decision to submit the matter to the jury.
While we do not mean to imply that the operator of an amusement or entertainment attraction of the kind involved in this case is an insurer of the safety of its patrons, we do subscribe to the view expressed by Mr. Justice Terrell in Wells v. Palm Beach Kennel Club, 160 Fla. 502, 35 So.2d 720, 721, wherein it was stated:
"Places of amusement where large crowds congregate are required to keep their premises in reasonably safe condition commensurate with the business conducted. If the owner fails in this, and such failure is the proximate [cause] of injury to one lawfully on the premises, compensatory damages may be recovered if the one injured is not at fault. J.G. Christopher Co. v. Russell, 63 Fla. 191, 58 So. 45, text 47, Ann.Cas. 1913C, 564. * * *"
While the case cited involved a race track rather than a scenic garden, we hold this *211 particular rule to be equally applicable to both.
Similarly, in Mertz v. Krueger, Fla., 58 So.2d 160, 162, we held:
"Here we have a case in which defendants were renting beach cottages to vacationists for rest and recreation. If there was ever a place where one would not be expected to be on the lookout for pitfalls, booby traps, or other dangers, this would seem to be the one. The plaintiff in this case had connection with the public school system of Hillsborough County, her life was not yet in the yellow leaf so we may assume that she would be reasonably alert to foresee and avoid danger.
"The trial court apparently took the position that it was the duty of the defendants to furnish plaintiff a reasonably safe place for lodging but that they were not required to put warnings of any kind in front of their premises. The court also held that by the exercise of reasonable diligence plaintiff could have ascertained whether or not there was a light, guard rail or other barrier to put her on notice of the danger. The courts over the country are committed to the doctrine that whether or not defendants exercised ordinary care to protect their patrons in cases like this is a question for the jury under appropriate instructions. Wells v. Palm Beach Kennel Club, 160 Fla. 502, 35 So.2d 720. This court has repeatedly held that the question of contributory negligence is a question of fact for the jury. Steele v. Independent Fish Co., Inc., 152 Fla. 739, 13 So.2d 14."
When the relationship between the parties is considered together with the particular negligence alleged, to wit: failure to maintain a stairway in a safe condition or in the alternative failure to warn of an alleged dangerous condition, this case is readily distinguishable from cases like Matson v. Tip Top Grocery Co., 151 Fla. 247, 9 So.2d 366; and Earley v. Morrison Cafeteria Co. of Orlando, Fla., 61 So.2d 477, where plaintiff had once used the step or passageway and had had the opportunity to know about the existing condition prior to the occasion of the injury; or Feigen v. Sokolsky, Fla., 65 So.2d 769, where plaintiff voluntarily injected herself into a potentially dangerous situation.
Over objection of appellant the Circuit Judge permitted testimony on the cement surfacing of the first and second flights of steps used by appellees in order to reach the third flight where appellee-wife was injured. We do not consider this error because it contributes to an understanding of the overall development of the area and has a definite bearing on whether appellees should have been on the lookout for the alleged hazardous condition of the third flight. Aside from this, however, the appellant permitted, without objection, introduction of a photograph showing the surface of the first flight, and by cross-examination undertook to show the "rustic" nature of the entire area, and the fact that the second terrace was covered with natural rock as contrasted to the cement surface of the other terrace. Also by cross-examination it developed that the first two sets of steps were smooth surfaced and the one in question was not. Further, at one point during the trial appellant stipulated: "We will agree and stipulate there were several sets of stairs that had cement caps to eliminate any further interrogation on that subject." Aside from the question of the condition of the steps directly involved, the issue was whether appellee-wife should have seen the alleged defect or been aware of it because of the surroundings, or, whether appellant should have warned her about it. Both parties relied on the condition of the general area. It was proper for the jury to consider all of the facts relevant to this issue.
Finally, appellant objects to the following instruction given to the jury at the request of appellees:
"I charge you that one lawfully walking upon a stairway to which she has been invited is not bound, at her *212 peril, to discover and guard against an unsafe condition of the stairs she is traversing, if you find that one existed, even though had her attention been directed to such unsafe condition she could have readily avoided it."
When considered along with other instructions given, the charge quoted correctly states the law applicable to the case at bar. It is supported by Dempsey-Vanderbilt Hotel v. Huisman, 153 Fla. 800, 15 So.2d 903; and Mertz v. Krueger, supra.
Judgment affirmed.
DREW, C.J., and THOMAS and HOBSON, JJ., concur.