HORTON, Acting Chief Judge.
The appellant, plaintiff below, while a paying patron at one of appellee’s theaters, suffered personal injuries when a chair, located in the ladies’ lounge of the theater, collapsed when she sat upon it.
At the trial of this cause, and upon conclusion of the appellant’s evidence as to liability, the trial judge, upon appellee’s motion, directed a verdict for the appellee. Final judgment was entered upon the verdict as directed and this appeal followed.
The evidence developed at the trial shows that the appellant and a friend entered the theater around 8:00 or 9:00 p. m., to view the showing of a current movie. Approximately 10:00 p. m., the appellant and her friend, while on their way out of the theater, stopped in the ladies’ lounge. After entering the lounge, the appellant sat down upon a chair furnished by appellee for its patrons, whereupon the chair collapsed, throwing the appellant to the floor and injuring her. The appellant’s companion, who was the only eyewitness to the accident, testified by deposition that the chair collapsed “immediately” after the appellant had seated herself. The appellant was described as being five feet two inches tall and weighing 115 to 120 pounds. Both saw the chair before appellant sat on it but neither noticed anything unusual about it.
The appellant called as witnesses the engineer, manager, and assistant manager of the theater where the accident occurred. Their testimony covered a short period of time after the accident, including an examination of the chair that collapsed. They knew of nothing wrong with the chair or why it collapsed. It is clear from all the evidence that there existed a latent defect in the chair which would not be apparent from ordinary observation. The evidence further disclosed that the chairs in the ladies’ lounge had been inspected at about 10:00 a. m. on the day of the accident, and that the theater opened at approximately 10:45 a. m., and remained open until 1:00 or 1:30 a. m. of the following day.
The appellant contends that her case should have been submitted to a jury and that she should have been given the benefit of the application of the doctrine of res ipsa loquitur. The appellee contends that the doctrine of res ipsa loquitur does not apply under the circumstances disclosed by the facts in this case. We agree with the appellee’s contention that the doctrine does not apply. However, we do not agree that a directed verdict was proper.
In addition to the charge that the chair was broken and/or defective, a condition *65 that was known or should have been known by the appellee, the complaint contains the further charge “that the defendant was negligent in that it failed to maintain its premises in a reasonably safe condition”. The accident in question happened between eleven and twelve hours after the inspection of the chair. There is evidence of only one inspection of the chairs in the ladies’ lounge and that was prior to the opening time.
This was a place of amusement to which the public was invited. The operators of a place of amusement are not the insurers of the safety of their patrons but are required to exercise reasonable care. However, there is imposed upon such operators a higher degree of diligence than is required of stores, banks and other places of business. See Wells v. Palm Beach Kennel Club, 160 Fla. 502, 35 So.2d 720; Rainbow Enterprises v. Thompson, Fla. 1955, 81 So.2d 208, 55 A.L.R.2d 861. The appellee could reasonably foresee or should have foreseen from the nature of the attraction that numerous persons would patronize the theater and a considerable number thereof would make use of the facilities in the ladies’ lounge, including the chairs.
The facts here were sufficient to submit to a jury, for its determination, the issue of whether or not the inspection made by the appellee of its facilities to which the public was invited, was an adequate discharge of its obligation of reasonable care. In Wells v. Palm Beach Kennel Club, supra [160 Fla. 502, 35 So.2d 721], the Supreme Court of Florida, in commenting on the duty owed by the operator of a place of amusement, said:
“One operating a place of amusement like a race course where others are invited is charged with a continuous duty to look after the safety of his patrons.” [Emphasis supplied.]
Whether the inspection made prior to the opening of the theater was sufficient to discharge this duty, we conclude is a question that should be answered by a jury, upon appropriate instructions, rather than by the court in directing a verdict.
Accordingly, the judgment appealed is reversed and the cause is remanded for a new trial.
Reversed and remanded.
PEARSON, J., and WIGGINTON, JOHN T., Associate Judge, concur.