PER CURIAM.
Appellant, defendant below, seeks review of a final judgment rendered upon a jury verdict awarding the appellee, Hawkes-worth, both compensatory damages and punitive damages.
He assigns as error the granting, by the trial judge, of a directed verdict in favor of the plaintiff on the question of liability. He also assigns other errors, which are not necessary for a determination of this cause in view of the fact that we find that the trial judge committed error iii directing a verdict for the plaintiff on the issue of liability.
In considering a plaintiff’s motion for directed verdict, all reasonable inferences drawn from the evidence are accorded the party moved against. Katz v. Bear, Fla.1951, 52 So.2d 903; Nelson v. Ziegler, Fla.1956, 89 So.2d 780; Brady v. Kane, Fla.App.1959, 111 So.2d 472; 32 Fla. Jur., Trial, § 83. The plaintiff’s complaint in this cause alleged that the defendant “* * * so negligently, or carelessly, operate, maintain, or control, said motor vehicle that he caused the same to collide with the body and person of the plaintiff while he was lawfully standing in the drive *741 way or sidewalk area of the aforesaid residence, causing injuries and damages to said plaintiff * * * ”. The defendants denied the material allegations of the complaint and urged the affirmative defenses of contributory negligence and assumption of the, risk. By the direction of the verdict, the trial judge removed from the consideration of the jury the affirmative defenses of contributory negligence and assumption of the risk. The allowance of these defenses is normally within the wisdom of the trier of the facts. Steele v. Independent Fish Co., 152 Fla. 739, 13 So.2d 14; Martin v. Stone, Fla.1951, 51 So.2d 33; City of Williston v. Cribbs, Fla.1955, 82 So.2d 150. Counsel for the plaintiff urges that these defenses are not allowable in the instant case because of the alleged reckless conduct of the defendant, resulting in the injury. Counsel for the defendant recognizes the general rule which is stated in the restatement as follows: 2 Restatement of Torts, § 482, Reckless Conduct.
“(1) Except as stated in Subsection (2), a plaintiff’s contributory negligence does not bar recovery for harm caused by the defendant’s reckless disregard for the plaintiff’s safety.
“(2) A plaintiff is barred from recovery for harm caused by the defendant’s reckless disregard for the plaintiff’s safety if, knowing of the defendant’s reckless misconduct and the danger involved to him therein, the plaintiff recklessly exposes himself thereto.”
He urges that the evidence was sufficient that the jury could have found that the injured party himself engaged in a reckless course of conduct, sufficient to bar recovery under the defenses of contributory negligence and assumption of the risk [reckless conduct of the injured party being an exception to the general rule, as outlined above],
Examining the evidence in the light most favorable to the party moved against on the motion for directed verdict, it appears that the trial judge abused his discretion in taking from the jury the question of contributory negligence or assumption of the risk and, therefore, this cause is reversed with directions to grant a new trial.
Reversed.