HENDRY, Judge.
This is an appeal from a judgment entered after a jury verdict in favor of the ap-pellees who were the plaintiffs below. Plaintiff, Margie Butingaro, filed her complaint along with the derivative claim of her husband, Dominic Butingaro, for damages allegedly sustained by reason of the negligence in the operation of a motor vehicle by the defendant, John Eugene Polk. The defendant, State Road Department, was the owner of the automobile in which the defendant Polk, a Florida Highway Patrolman, was driving at the time of the accident in question.
The accident occurred on January 27, 1960, on State Road No. 7 near N.W. 195th Terrace in Dade County, Florida. State Road No. 7 is a divided four-lane highway running north and south at that point and is bounded on the east by a small shopping center. The shopping center is bounded on the south by a street which runs in an east-west direction. Plaintiff, Margie Butin-garo, had just finished shopping and was leaving the shopping center and driving in a westerly direction with the intention of-turning left and proceeding south on State Road No. 7. Defendant Polk testified he was traveling north on State Road No. 7 in the lane nearest the middle of the highway at about 45 miles per hour which speed was within the legal limit. Polk testified that the plaintiff crossed in front of him when he was only 125 feet from where the vehicles subsequently collided while the plaintiff, Margie Butingaro, testified that she observed no traffic for at least two blocks before entering the primary highway. The testimony is conflicting as to whether the defendant Polk had sufficient time to avoid the collision since he states that the plaintiff crossed in front of him suddenly and he could not halt the car in time. He further stated that he could not pull into the lane to the right because of other traffic proceeding in a northerly direction on State Road No. 7. This fact is disputed by the plaintiff who maintains that there was no other traffic which would have prevented the defendant Polk from avoiding the accident by pulling into the right lane.
The first point made by appellants which we shall discuss is the failure of the trial judge to instruct the jury on contributory negligence as requested. After careful review of the record, we hold that the evidence was sufficient to warrant a charge on contributory negligence and the failure to do so constitutes harmful error.
 We agree with the appellees that the evidence which the facts reasonably tend to establish does not as a matter of law establish the lack of contributory negligence on the part of the plaintiff, Margie Butingaro. Where, as in the instant case, the conflicting testimony raises doubt as to whether there was negligence on the *622 part of the plaintiff which contributed to the happening of the collision, the issue of contributory negligence should be submitted to the jury. As long as reasonable men could differ as to whether the facts infer negligence on the part of the plaintiff, the requested charge on contributory negligence is proper.
In Redwing Carriers, Inc. v. Helwig, Fla.App.1959, 108 So.2d 620, the court stated at page 623:
“On the question of contributory negligence, it is only necessary that there be some evidence tending to show negligence on the part of the plaintiff to make this a jury question. The Supreme Court of Florida has held many times that contributory negligence is ordinarily and peculiarly a question of fact for the jury. Frash v. Sarres, Fla.1952, 60 So.2d 924; Goldin v. Lipkind, Fla.1950, 49 So.2d 539, 27 A.L.R. 2d 816; Steele v. Independent Fish Co., 152 Fla. 739, 13 So.2d 14; Turner v. Modern Beauty Supply Co., 152 Fla. 3, 10 So.2d 488; L. B. McLeod Construction Co. v. Cooper, 101 Fla. 441, 134 So. 224; Florida East Coast R. Co. v. Lassiter, 59 Fla. 246, 52 So. 975; City of Williston v. Cribbs, Fla.1955, 82 So. 2d 150.”
See also General Portland Cement Company v. Walker, 5 Cir.1961, 293 F.2d 294.
In point number two appellant contends that the trial court erred in denying defendants’ requested instruction number twelve, being § 317.43 of the Florida Statutes, F.S.A.[1] The evidence in the record before us indicates that this was a proper instruction and that it was error for the trial court to refuse to give such instruction.
We find it unnecessary to discuss point number three as it is apparent from the record that the husband was not entitled to recover any costs and that none were assessed in his favor.
It therefore follows that the judgment be reversed and the cause remanded for a new trial for the failure to instruct the jury on the issue of contributory negligence as was requested by the defendants, and for refusing defendants’ requested instruction number twelve. However, since the verdict and judgment were only in favor of the appellee, Margie Butingaro and the plaintiff, Dominic Butingaro, has not appealed from such judgment, the new trial is limited to the claim of the appellee-wife.
Reversed and remanded with directions.

. Section 317.43 of the Florida Statutes, F.S.A., reads as follows:
“Vehicle entering highway from private road or driveway. — The driver of a vo-hide about to enter or cross a highway from a private road or driveway shall yield the right-of-way to all vehicles approaching on said highway.”