199 So.2d 469 (1967)
SEABOARD AIR LINE RAILROAD COMPANY, a Foreign Corporation, Authorized to Do Business in the State of Florida, Petitioner,
v.
Warren G. WILLIAMS, Jr., Respondent.
No. 35718.
Supreme Court of Florida.
May 24, 1967.
Rehearing Denied June 28, 1967.
*470 Manley P. Caldwell, of Caldwell, Pacetti & Barrow, Palm Beach, and Chas. S. Ausley, of Ausley, Ausley, McMullen, O'Bryan, Michaels & McGehee, Tallahassee, for petitioner.
Farish & Farish and Jos. D. Farish, Jr., West Palm Beach, for respondent.
PER CURIAM.
On July 29, 1963 respondent Williams was injured in an accident involving one of petitioner's trains. After trial in which the jury was charged on the doctrine of comparative negligence judgment in sum of $141,750.00 was entered for respondent on July 3, 1964. Petitioner appealed to the District Court of Appeal, Second District. While that appeal was pending this court on May 12, 1965 entered its decision in Georgia Southern and Florida Railway Company v. Seven-Up Bottling Company of Southeast Georgia, Inc., Fla. 1965, 175 So.2d 39. In that case F.S. Section 768.06, F.S.A., the railroad "comparative negligence" statute, was held unconstitutional.
Immediately following the filing of our decision in the Georgia Southern case petitioner moved the district court for leave to amend its assignment of errors to include an assignment asserting the unconstitutionality of Section 768.06 and also moved the court to remand the cause for new trial, basing its motions on the decision in the Georgia Southern case. These motions were denied and following creation of the District Court of Appeal, Fourth District, the cause was transferred to that court. The latter court subsequently entered its decision "Per Curiam. Affirmed." 189 So.2d 417. In a petition for rehearing the petitioner railroad again called to the attention of the district court our opinion in the Georgia Southern case and informed that court of the pendency in this court on petition for certiorari of two cases involving the same question. Florida East Coast Railway Company v. Rouse, Fla.App. 1965, 178 So.2d 882, and Atlantic Coast Line Railroad *471 Company et al. v. Braz, Fla.App. 1966, 182 So.2d 491. The petition for rehearing was denied and petitioner railroad filed its petition for certiorari in this court.
On January 9, 1967, prior to our hearing argument in this cause, we filed our opinions in Florida East Coast Railway Company v. Rouse, Fla. 1967, 194 So.2d 260, and Atlantic Coast Line Railway Company et al. v. Braz, 196 So.2d 109. In each of those cases the petitioner railroads did not attack the validity of Section 768.06 at the trial but raised the issue for the first time on appeal in the district court. Holding that an appellate court is required to apply the law as it existed at the time of the appeal this court reversed and remanded both causes for new trial under the law as settled in the Georgia Southern case.
Under our decision in Foley v. Weaver Drugs, Fla. 1964, 177 So.2d 221 we are permitted to examine the record proper to determine if conflict in decisions exists. The situation presented by this case demonstrates the necessity for and wisdom of the rule in Foley.
In this cause, as in Rouse and Braz, the trial judge charged the jury on comparative negligence pursuant to Section 768.06. In neither cause was the validity of the statute or the correctness of the charges thereon raised until the judgments were in the district courts on appeal. In each cause the district courts affirmed the judgments despite the fact that we had in the Georgia Southern case held the subject statute invalid and remanded that cause for new trial because the jury was charged thereunder. In each the Rouse and Braz cases we remanded for new trials free of charges under the invalid statute.
If the per curiam decision in this cause is permitted to stand the result will be, and it is obvious for all to see, that the rule of law applicable at the time of appellate decision will have been applied in the two cases while a different erroneous rule will have been applied in the third. Another consequence, equally repugnant to the even handed administration of justice, is that because of an unforeseeable but later determined error the defendants in two causes will be given new trials yet the defendant in the third will not. Consistency and uniformity in the administration of justice ought to exist to the point that this result not be sanctioned.
For these reasons the decision of the district court is quashed with directions that the cause be remanded to the trial court for a new trial.
It is so ordered.
ROBERTS, O'CONNELL and CALDWELL, JJ., concur.
DREW, J., concurs specially with Opinion.
THORNAL, C.J., THOMAS and ERVIN, JJ., dissent.
DREW, Justice (concurring specially):
I did not agree with the majority in-Florida East Coast Railway Company v. Rouse, Fla. 1967, 194 So.2d 260, and in Atlantic Coast Line Railway Company et al. v. Braz, 196 So.2d 109, on the identical issue which is involved in this case. My views are fully set forth in my dissenting opinion in each of those cases. Further discussion here would serve no useful purpose. Both cases received minute consideration and long deliberation before the ultimate judgment was reached and although I dissented, I consider the law there announced to be binding upon me as a Justice of this Court in the disposition of this case. Uniformity of decisions in our jurisdiction and the basic concept of equal justice under law simply require the result reached in the majority opinion. Any other conclusion would produce a judicial absurdity.
*472 In my concurring opinion in Foley v. Weaver Drugs, Fla. 1965, 177 So.2d 221, I observed: "I think it would result in utter chaos in the judicial system of this State with three separate District Courts, and the possibility of a fourth in the near future, if it were impossible for this Court to maintain consistency and uniformity of the law in [decisions of such district courts merely affirming without opinion] * * *." What has occurred in this case fulfills that prophecy. I, therefore, concur in the foregoing majority opinion.
O'CONNELL, J., concurs.