WALDEN, Chief Judge.
This case involves an alleged collision between an automobile operated by defendant, Rosamond Pulford, and a bicycle ridden by the minor plaintiff, Marjorie Lynn. The trial court entered a final judgment pursuant to a jury verdict in favor of the defendants.
On appeal plaintiffs urge many points. But we need not consider them all as the dispositive point is contained in the first two assignments of error. Plaintiffs contend that there was no evidence of contributory negligence so that the trial court committed error by instructing the jury on contributory negligence. For the same reason, they allege that the trial court erred in denying plaintiffs’ motion for a directed verdict on the question of contributory negligence.
The record reveals that the happening in issue occurred while plaintiff, Marjorie *202 Lynn, and her two brothers were riding their bicycles to school. They were riding single file on the right-hand side of the road. Mrs. Pulford’s automobile passed Marjorie’s bicycle. The testimony is in conflict as to whether the automobile struck the bicycle, but, in any event, Marjorie was thrown to the ground and injured and her bicycle was damaged.
The principles involved are clear. “As long as reasonable men could differ as to whether the facts infer negligence on the part of the plaintiff, the requested charge on contributory negligence is proper.” State Road Department v. Butingaro, Fla.App. 1962, 141 So.2d 620, 622. “It is only necessary that there be some evidence tending to show negligence on the part of the plaintiff to make the question of contributory negligence one for the jury.” But where “[a]ny other conclusion would be pure speculation and conjecture”, the issue should not be submitted to the jury. Garris v. Robeison, Fla.App. 1962, 146 So.2d 388, 390, 391.
Defendants in their brief cite the testimony of three witnesses as presenting evidence upon which a jury could base a finding of contributory negligence. First, they note the following testimony of the plaintiff, Marjorie Lynn:
“ ‘Q As you were riding your bicycle along the highway and before this incident, were you carrying any books ?
“ ‘A No, sir. I was carrying a paper bag with my gym clothes in it.
“ ‘Q And how were you carrying the paper bag?
“ ‘A Strapped around the handlebar.
“‘Q Firmly strapped there?
“ ‘A No. I was holding it with my hand. It was wrapped around and I was holding it.’ ”
There was much testimony that Marjorie’s brother, Teddy, was carrying the above mentioned books as Marjorie’s bicycle did not have a basket to carry them. Teddy rushed to Marjorie’s aid immediately following the accident. A Mr. Hanson stated that after the incident the children went into the ditch for the books. The pertinent testimony is as follows:
“Q What happened next?
“A Well, the girl rearranged her clothes and they both went back into the ditch for the bike and the books and started off west.
“MR. HANDLEY: And the what, did you say?
“THE COURT: And the books.
“THE WITNESS : School books.”
Additionally, Mrs. Pulford testified as follows :
“Q Did you notice the little girl riding on her bicycle?
“A Yes.
“Q Did she have anything in her hands ?
“A I didn’t notice whether she had or not.
“Q Did you later see any books being picked up?
“A Yes, I did.
“Q And were these books that spilled out of Teddy’s basket or were these books in the vicinity where the bicycle was?
“MR. WATSON: Just a minute. I have gone along with counsel’s leading questions up to a certain point, but I think the witness should do the testifying. Counsel shouldn’t lead her and I object to it.
“THE COURT: I will sustain the objection to the last question. You can ask her where they were.
“BY MR. HANDLEY:
*203 “Q Where were these books you saw picked up?
“A On the pavement.
“Q Was this immediately after the occurrence, by the way?
“A Yes.”
From these three bits of testimony appellees contend that the jury could reasonably have inferred that Marjorie Lynn was negligently operating her bicycle. This would require that the jury conclude either that carrying a paper bag wrapped around the handlebar was negligent and caused her to have diminished control over her bicycle or that she was negligently carrying books, which caused her to have diminished control over her bicycle. Either of these conclusions would be speculation which simply is not supported by the record.
And even assuming, as urged by counsel for defendant, that the jury could have reasonably inferred that Marjorie was carrying both the paper bag with the gym clothes and the school books, nowhere in the record is it demonstrated that such acts caused Marjorie to operate her bicycle in other than a reasonable and prudent manner. Nowhere in the record is there evidence from which the jury could find, or reasonably infer, that plaintiff, Marjorie Lynn, was guilty of negligent conduct which proximately caused or contributed to cause her injuries.
Although we are mindful that contributory negligence is ordinarily an issue for the jury, “we cannot affirm a verdict where it has no rational predicate in the evidence. A jury’s verdict cannot rest on 'a mere probability or guess, arbitrary action, whims or caprice.’ ” Jacksonville Coach Co. v. Early, Fla.1955, 78 So.2d 369, 371. See also Golden v. Morris, Fla. 1951, 55 So.2d 714; Food Fair Stores of Fla., Inc. v. Sommer, Fla.App.1959, 111 So. 2d 743.
Since the record presents no evidence of contributory negligence, it was error for the trial judge to instruct the jury as to contributory negligence and to deny the plaintiffs’ motion for a directed verdict on the issue of contributory negligence.
Reversed and remanded.
CROSS, J., and WHITE, JOSEPH S., Associate Judge, concur.