WILLIS, ROBERT E., Associate Judge.
The Defendants in a negligence action appeal from an order of the trial judge granting a new trial.
The Plaintiff, Shirley S. Goodall was driving her 1956 Ford automobile north on Howard Avenue in Tampa at approximately 9 :30 p.m. on a rainy night. As she approached the intersection with Watrous Avenue, which was controlled by a traffic light, she applied her brakes and was thereafter struck in the rear by Defendants’ 1961 Volkswagen which was being driven by Mrs. Francis Davis and which skidded or slid on the wet road while attempting to stop.
The color of the traffic light at the time of the collision is as stated by the trial judge, “A disputed question of fact.” The Defendant was approximately five car lengths behind the Plaintiff’s car just prior to the collision and the Defendant maintains that there is evidence to justify a verdict that the Plaintiff suddenly stopped her car on a green light on a rainy night and that she was therefore, guilty of contributory negligence.
In the order granting the new trial, the trial judge held:
“ ‘That the Court erred in denying plaintiffs Motion for Directed Verdict on the issue of contributory negligence at the close of all of the evidence.
“ ‘That the Court erred in instructing the jury on the issue of contributory negligence.’
“The facts in the case showed that the plaintiff was either stopped or coming to a stop on either a green, yellow or red light. The defendant struck the plaintiff in the rear. Accepting every bit of de *624 fendant’s testimony as true, the Court does not find there was any evidence of negligence on the part of the plaintiff and that the cause should have been submitted to the jury only on the issue of negligence of the defendant and not on the issue of any contributory negligence of the plaintiff. It is therefore.
“ORDERED that the motion for a new trial be, and the same is hereby granted. Cloud v. Fallis, Fla.1959, 110 So.2d 669.”
Where conflicting testimony raises doubt as to whether there was contributory negligence on the part of the Plaintiff, the issue of contributory negligence should be submitted to the jury. State Road Department v. Butingaro, Fla.App., 141 So.2d 620; Lynn v. Pulford, Fla.App., 200 So.2d 201.
In the case of Bernstein v. Crossman, 172 So.2d 462 at page 463, the District Court of the Third District stated:
“It is apparent from the record that sufficient evidence was presented to rebut the presumption of negligence when the defendant raised the issue of a sudden stop. Thereafter, the issue was one of fact for determination, by the jury as to whether the plaintiff was guilty of contributory negligence, and in this case the jury so found.”
We hold that the Defendant’s explanation of the accident justified the submission of the question of contributory negligence to the jury, and the jury’s verdict on this question should stand. The original decision of the learned trial judge to instruct on contributory negligence was proper, and his order to grant a new trial is therefore reversed and the verdict of the jury is hereby affirmed.
SHANNON, Acting C. J., and HOB-SON, J., concur.