238 So.2d 659 (1969)
Royce D. JOHNSON, Ida Korff Johnson, His Wife, and Harry Korff, III, a Minor, by His Next Friend and Mother, Ida Korff Johnson, Appellants,
v.
Beverly Ann RINESMITH and Ray W. Bolt, Co-Executors of the Estate of Ray Harold Bolt, Sr., Deceased, Appellees.
No. 68-152.
District Court of Appeal of Florida, Second District.
December 17, 1969.
Rehearing Granted by Opinion August 19, 1970.
Paul B. Johnson, of Gregory, Cours, Paniello & Johnson, Tampa, for appellants.
George A. McKendree, of Miller & McKendree, Tampa, for appellees.
MANN, Judge.
The jury's finding of contributory negligence on the part of the husband, who drove, and the wife, who owned, the car in which the plaintiffs were riding is supported by the record. The judgment against them is affirmed.
The verdict of zero damages consequent upon the verdict directed for the child is refuted by the record, and the judgment against the minor plaintiff is reversed. The reasons were most recently explained by Mr. Justice Boyd in Griffis v. Hill, Fla. 1969, 230 So.2d 143, opinion filed November 19, 1969.
On retrial the issue of punitive damages is to be considered in the light of Mr. Justice Thornal's scholarly and comprehensive opinion in Atlas Properties, Inc. *660 v. Didich, Fla. 1969, 226 So.2d 684. That case involved the question whether a claim for punitive damages survived the death of the injured party, and it was there held that it does, and suggested that it would survive the death of the tortfeasor. We so hold.
Affirmed as to adult parties; reversed as to the minor plaintiff and remanded for a new trial.
LILES, A.C.J., concurs.
McNULTY, J., concurs in conclusion only.

ON PETITION FOR REHEARING
MANN, Judge.
I erred. When this case was first before us I thought, and persuaded my colleagues to agree, that the adult plaintiffs had not properly preserved the question of willful and wanton misconduct on the defendant's part during the first trial. It was indeed obscured at the time so that even the trial judge was unaware of the plaintiffs' purpose in seeking to prove that Bolt was drunk at the time. Counsel did not, in proffering the testimony, make his purpose plain, and its relevance eluded the trial judge and all of us. As we pointed out, however, it was raised in the pleadings and was admissible not only in proof of simple negligence, which defendant admitted at trial, but of willful and wanton misconduct. My error lay in assuming that plaintiff's counsel, by agreeing prior to trial that the issues to be tried were defendant's negligence, plaintiff's contributory negligence and damages, had eliminated the issue of willful and wanton misconduct. In any event, the defendant made no pretrial effort to exclude the issue of willful and wanton misconduct. While willful and wanton misconduct of the gravity which would justify conviction of manslaughter if death were caused by it is closer to intentional harm than to simple negligence, it is nevertheless treated within the general heading of negligence in the treatises,[1] and we are of opinion that the issue was not foreclosed by pretrial proceedings.
Our Supreme Court has indicated that contributory negligence is not a defense to willful and wanton misconduct. Fla. Ry. Co. v. Dorsey, 1910, 59 Fla. 260, 52 So. 963; Fla. So. Ry. Co. v. Hirst, 1892, 30 Fla. 1, 11 So. 506, 513. We conclude, therefore, that the law of Florida is correctly stated by Restatement, Torts 2d § 482:
"§ 482. Reckless Conduct.
"(1) Except as stated in Subsection (2), a plaintiff's contributory negligence does not bar recovery for harm caused by the defendant's reckless disregard for the plaintiff's safety.
"(2) A plaintiff whose conduct is in reckless disregard of his own safety is barred from recovery against a defendant whose reckless disregard of the plaintiff's safety is a legal cause of the plaintiff's harm."
We hold that appellants are entitled to a new trial limited[2] to the issue of willful and wanton misconduct, to which contributory negligence is not a defense. See Tamiami Gun Shop v. Klein, Fla. 1959, 116 So.2d 421; Sterling v. Hawkesworth, Fla.App. 1962, 139 So.2d 740; 2 Harper and James, The Law of Torts § 22.6; Annotations, 119 A.L.R. 654; 92 A.L.R. 1367; 72 A.L.R. 1357; 38 A.L.R. 1424.
We grant the petition for rehearing and adhere to our former opinion except as *661 herein modified. Affirmed in part, reversed in part for proceedings consistent with this opinion.
LILES, A.C.J., and McNULTY, J., concur.
NOTES
[1] See, e.g., 2 Harper and James, The Law of Torts, §§ 16.13, 22.5, 22.6; Prosser, Law of Torts 187 (3d ed. 1964).
[2] Fla.R.Civ.P. 1.530(a), 31 F.S.A.