283 So.2d 33 (1973)
Warren G. WILLIAMS, Jr., Petitioner,
v.
SEABOARD AIRLINE RAILROAD CO., Etc., Respondent.
No. 43088.
Supreme Court of Florida.
July 31, 1973.
Rehearing Denied October 10, 1973.
*34 Jos. D. Farish, Jr., Farish & Farish, West Palm Beach, for petitioner.
Arthur E. Barrow, Caldwell, Pacetti, Barrow & Salisbury, Palm Beach, for respondent.
BOYD, Justice.
This cause is before us on petition for writ of certiorari to review the decision of the District Court of Appeal, Fourth District, reported at 268 So.2d 459. Our jurisdiction is based upon conflict between the decision sought to be reviewed and Johnson v. Rinesmith.[1]
Petitioner, plaintiff below, sustained severe personal injuries as a result of a collision between the van type milk truck he was operating and a Seaboard train. The accident occurred during the early morning hours at a crossing within the city limits of West Palm Beach, Florida. Trial was originally held before a jury, and resulted in a verdict for the plaintiff in the amount of $141,750.00. That verdict was entered on July 3, 1964. Thereafter, the District Court of Appeal, Fourth District, on July 26, 1966, affirmed the judgment for the plaintiff. The railroad then brought a petition for writ of certiorari to this Court and, in a per curiam decision, this court reversed the District Court and ordered a new trial.[2] The reversal for new trial was based on the fact that this Court had invalidated the railroad comparative negligence statute in Georgia Southern and Florida Railway Co. v. Seven-Up Bottling Co.[3] This Court remanded the cause for a new trial free of charges under the invalid comparative negligence statute.
Pursuant to this Court's order, the cause was retried before the Court without a jury, and final judgment was entered in favor of defendant railroad. At the retrial, portions of the transcript of the original trial were admitted and, additionally, several witnesses were called to offer their testimony anew. The District Court affirmed the judgment for the defendant, with then Judge McCain dissenting. The opinion of the majority reviewed the evidence in the case, which established the negligence of the railroad in failing to maintain the crossing, in accordance with the city ordinance requiring an automatic electrical signal device or, alternatively, crossing gates maintained with railroad personnel. There was also considerable evidence that the train was speeding at the time of the accident. However, the District Court concluded that even though there was uncontradicted evidence of negligence on the part of the railroad, in failing to comply with the municipal ordinance requiring installation of the automatic electric signal devices, or to provide a manned crossing gate, the trial court, as trier of fact, could have concluded "that the failure *35 to have such signal device at the crossing was not a legal cause of the collision."[4] The District Court stated that there was evidence in the record supporting a finding of contributory negligence on the part of the plaintiff in driving his vehicle slowly onto the tracks. Plaintiff stated that his reason for driving slowly was that the crossing was bumpy and his van was loaded with milk which would tip over. He also stated, however, that he had no warning of the approach of the train, either visually or by signal.
The District Court refused to consider plaintiff-petitioner's contention that, in any event, contributory negligence should not bar recovery because the railroad's conduct constituted willful and wanton misconduct to which contributory negligence was not a defense. The District Court stated that this issue was not raised in the pleadings or presented to the trial court.
Petitioner contends that the decision of the District Court conflicts with Johnson v. Rinesmith, supra, a personal injury action, wherein, on rehearing, the District Court of Appeal, Second District, held:
"When this case was first before us I thought, and persuaded my colleagues to agree, that the adult plaintiffs had not properly preserved the question of willful and wanton misconduct on the defendant's part during the first trial. It was indeed obscured at the time so that even the trial judge was unaware of the plaintiffs' purpose in seeking to prove that Bolt was drunk at the time. Counsel did not, in proffering the testimony, make his purpose plain, and its relevance eluded the trial judge and all of us. As we pointed out, however, it was raised in the pleadings and was admissible not only in proof of simple negligence, which defendant admitted at trial, but of willful and wanton misconduct. My error lay in assuming that plaintiff's counsel, by agreeing prior to trial that the issues to be tried were defendant's negligence, plaintiff's contributory negligence and damages, had eliminated the issue of willful and wanton misconduct. * * * While willful and wanton misconduct of the gravity which would justify conviction of manslaughter if death were caused by it is closer to intentional harm than to simple negligence, it is nevertheless treated within the general heading of negligence in the treatises, and we are of opinion that the issue was not foreclosed by pretrial proceedings.
"Our Supreme Court has indicated that contributory negligence is not a defense to willful and wanton misconduct."[5]
In the instant case, respondent points out that willful and wanton misconduct was not pleaded, as it was in Johnon v. Rinesmith, supra. Further, since the trial court, as trier of the fact, apparently found no actionable negligence on the part of the railroad, it presumably also did not find willful and wanton misconduct.
Petitioner also contends that the decision of the District Court, by sanctioning a retrial not only of contributory negligence but of negligence, created conflict with the decision of this Court which remanded for a new trial. Finally, petitioner contends that the District Court "by presuming the trial court found alternatively that the respondent was not negligent and that the petitioner was contributorily negligent, created direct conflict... ." with Green v. Atlantic Company,[6] and Saunders v. Kaplan,[7] cases holding that the issue of contributory negligence is reached only after a determination has been made that there was no negligence on the part of the defendant.
Although our jurisdiction in this second appearance of the instant case before this Court is based upon conflict between the *36 District Court's latest opinion in the matter and the prior case of Johnson v. Rinesmith, supra, and despite the rocky road of new allegations, proofs, and legal theories this case has traversed to reach this Court a second time, we find that we may now dispose of the cause in a rather simple manner. On July 10, 1973, this Court issued its opinion in the landmark case of Hoffman v. Jones,[8] adopting the rule of comparative negligence for the State of Florida. Speaking for the Court, Mr. Justice Adkins established the guidelines for the application of that decision:
"We hold that this opinion shall be applied as follows:
* * * * * *
"As to those cases in which trial has already begun or in which verdict or judgment has already been rendered, this opinion shall not be applicable, unless the applicability of the comparative negligence rule was appropriately and properly raised during some stage of the litigation.

* * * * * *"[9]
In view of the fact that this cause was originally tried upon the principles of comparative negligence, albeit under the now defunct railroad comparative negligence statute,[10] it is clear that the principles enunciated in Hoffman apply herein because "the applicability of the comparative negligence rule was appropriately and properly raised during some stage of the litigation." Since, as we also held in Hoffman, our existing body of case law dealing with comparative negligence, that which arose under the railroad comparative negligence statute, will be generally applicable to our new universal rule of comparative negligence, both justice and common sense mandate that we simply reinstate the original judgment of the trial court in this matter.
Accordingly, the decision of the District Court of Appeal, Fourth District, is quashed and the cause remanded with instructions to further remand the cause to the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County in order to reinstate its original final judgment of July 3, 1964, awarding petitioner-plaintiff $141,750.00.
It is so ordered.
CARLTON, C.J., and ERVIN and ADKINS, JJ., concur.
ROBERTS, J., dissents.
NOTES
[1] 238 So.2d 659 (Fla.App.2d 1970).
[2] Seaboard Airline Railroad Company v. Williams, 199 So.2d 469 (Fla. 1967), reh. denied, cert. denied, 390 U.S. 920, 88 S.Ct. 851, 19 L.Ed.2d 979 (1968).
[3] 175 So.2d 39 (Fla. 1965).
[4] 268 So.2d at 462.
[5] 238 So.2d at 660 (On rehearing granted.)
[6] 61 So.2d 185 (Fla. 1952).
[7] 101 So.2d 181 (Fla.App.3d 1958).
[8] 280 So.2d 431 (Fla. 1973).
[9] Id. at 440. (Emphasis supplied.)
[10] Section 768.06, Florida Statutes, F.S.A., see note 3, supra.