POLEN, Judge.
These are consolidated appeals from a final judgment for the defendant and a final judgment on defendant’s motion to tax costs. We will address appellants’ second point first, as that will be dispositive of both issues on appeal.
Appellants were attending the dog races at appellee’s facility, Palm Beach Kennel Club, when Mrs. McCurry allegedly slipped and fell on a liquid allowed to accumulate on the floor. Although Mrs. McCurry could not identify the exact substance which caused her to slip, she testified as to the back of her pants being wet immediately after the fall. Mr. McCurry testified that beer and Coca-Cola were on the floor, as well as betting tickets that were allowed to pile up from race to race. Appellants do not contend that Mrs. McCurry slipped on a betting ticket, but offered that evidence to support their theory of constructive notice to appellee.
Appellants offered testimony at trial to the effect that other patrons of the kennel club, on the night of the accident, were walking back and forth across the area where Mrs. McCurry fell with their beverage cups, and were drinking their beverages in the aisles. There was no specific offer of testimony that any particular patron was seen spilling his beverage. The trial court sustained appellee’s objection on grounds of relevancy.
At the close of appellants’ case, the trial court granted a directed verdict in favor of appellee, relying on Publix Super Markets, Inc. v. Schmidt, 509 So.2d 977 (Fla. 4th DCA 1987).
We find that this matter is most closely related to the supreme court case of Wells v. Palm Beach Kennel Club, 160 Fla. 502, 35 So.2d 720 (1948), and our own opinion in Fazio v. Dania Jai-Alai Palace, Inc., 473 So.2d 1345 (Fla. 4th DCA 1985). In the Wells case, the court said:
One operating a place of amusement like a race course where others are invited is charged with a continuous duty to look after the safety of his patrons. Both sanitary and physical safety of its patrons require that receptacles be provided for bottles and that they be so placed.
We do not mean to imply that they are insurers of the safety of their patrons, but we do say that reasonable care as applied to a race track requires a higher degree of diligence than it does when applied to a store, bank or such like place of business.
Id. 35 So.2d at 721. We find that it was error for the trial court to preclude appellants’ offered testimony as to what the other patrons were doing with their beverages on the night of the accident. Such testimony would be clearly relevant to the *691 issue of constructive notice of the dangerous condition to appellee, when taken together with Mr. McCurry’s testimony of observing beer, Coca-Cola, and race tickets on the floor.
Upon admission of such testimony, we could not then say it would be proper for the trial court to grant a directed verdict in favor of appellee. This additional evidence, coupled with evidence in favor of appellants that was adduced at the first trial, and the permissible inferences the jury might draw therefrom, may be sufficient upon retrial so as to preclude the granting of a directed verdict.
We therefore reverse and remand for a new trial consistent with this opinion.
DOWNEY and GARRETT, JJ., concur.