ON REHEARING
In its motion for rehearing, appellee correctly identifies error in our opinion dated July 7, 1989, wherein we said:
Mr. McCurry testified that beer and Coca-Cola were on the floor as well as betting tickets that were allowed to pile up from race to race.
While Mr. McCurry did refer to seeing the betting tickets on the floor, our incorrect reference to his testifying to seeing beer and Coca-Cola on the floor was inadvertently derived from the following exchange in the testimony:
Q. Now, do you know what kind of substance it was that she slipped on?
A. No, I’m not sure what it was. I always thought it was coke or beer.
Q. Why do you say that?
A. Well there was a lot of people around there drinking coke and beer. You hardly ever see anybody drinking water.
Appellants offered testimony that on the night of the accident, other patrons of the Kennel Club were drinking beverages in the aisles and carrying beverage cups while walking back and forth across the area where Mrs. McCurry fell. There was no specific offer of testimony that any particular patron was seen spilling his or her beverage. The trial court sustained appel-lee’s objection to the testimony on grounds of relevancy.
On rehearing, we must recede from that portion of our July 7, 1989, opinion finding it was error for the trial court to exclude such testimony. Appellee having brought to our attention that Mr. McCurry never testified as to having actually seen Coke or beer on the floor, it would have been at best discretionary for the trial court to allow the proffered testimony about what the patrons were doing concerning their beverages.
Having made this correction, we are still of the view that it was error for the trial court to grant a directed verdict in favor of appellee. The testimony that there were betting tickets on the floor would still give rise to an inference that appellee’s personnel were negligent as to their maintenance of the area in which Mrs. McCurry fell. We still find Wells v. Palm Beach Kennel Club, 160 Fla. 502, 35 So.2d 720 (1948), and Fazio v. Dania Jai-Alai Palace, Inc., 473 So.2d 1345 (Fla. 4th DCA 1985), support our conclusion that the question of liability was one for the jury and would preclude the granting of a directed verdict.
Accordingly, the result as stated in our opinion of July 7, 1989, stands. The cause is reversed and remanded for a new trial consistent with this opinion.