654 So.2d 976 (1995)
E.H.P. CORPORATION, as general partner of W.J.A. Realty Limited Partnership, d/b/a World Jai-Alai of Tampa, Appellant,
v.
Cynthia COUSIN and Anthony Cousin, her husband, Appellees.
No. 94-02159.
District Court of Appeal of Florida, Second District.
April 21, 1995.
Patricia J. Kelly of Harris, Barrett, Mann & Dew, St. Petersburg, for appellant.
*977 Stevan T. Northcutt of Levine, Hirsch, Segall & Northcutt, P.A., Tampa, for appellees.
WHATLEY, Judge.
The appellant, E.H.P. Corporation, as general partner of W.J.A. Realty Limited Partnership, d/b/a World Jai-Alai of Tampa (Jai-Alai), challenges a trial court order granting the appellees, Cynthia and Anthony Cousin, husband and wife (the Cousins), a new trial in this personal injury action. Jai-Alai contends the trial court erred in finding that it improperly failed to give a special jury instruction and that it improperly permitted a third party to be included on the verdict form. We agree with Jai-Alai that the trial court was in error, and we reverse.
The Cousins sued Jai-Alai for personal injuries resulting when Mrs. Cousin fell at the Jai-Alai Fronton. The fall occurred as Mrs. Cousin was walking down a hallway of the fronton with a friend of hers. The friend slipped on rain water that had accumulated on the floor and pulled Mrs. Cousin down to break the fall.
Prior to Mrs. Cousin's fall, Jai-Alai had experienced roof leaks. Before the opening of the 1988 season, however, Jai-Alai contracted with Whatley Roofing and Sheet Metal, Inc. (Whatley), to re-roof the auditorium. That re-roofing had been completed by the time the Cousins visited the fronton.
After a trial of the case, the jury returned a verdict in favor of Jai-Alai, specifically finding it had not been negligent. The trial court then granted the Cousins' motion for a new trial on grounds that (1) the Cousins were entitled to a special jury instruction[1], which would have held Jai-Alai, as a place of amusement, to a higher standard of care; and (2) Whatley, as a third party, was improperly included on the verdict form.
In arguing for the special jury instruction, the Cousins cite Wells v. Palm Beach Kennel Club, 160 Fla. 502, 35 So.2d 720 (Fla. 1948). In Wells, the plaintiff slipped and fell on a bottle in the aisle of a grandstand. The Wells court, in extending the normal premises liability rule for commercial establishments, found that: "the day that plaintiff was injured ... the crowd was large and ... many patrons were directed to sit in the exit aisles, drink from bottles and deposit the empty bottles anywhere they could find space... ." Wells, 35 So.2d at 721. Based on that finding, it was established that the injury in Wells was causally related to the amusement facility's "mode of operation." In the instant case, however, the intrusion of rain water into the Jai-Alai Fronton clearly had nothing to do with Jai-Alai's mode of operation. The application of Wells to the instant case, thus, does not lie.
On the second point raised, Whatley's name was added to the verdict form over the Cousins' objection. This was allowed even though Jai-Alai failed to affirmatively plead the negligence of a third party or raise the matter at pretrial. The first notice the Cousins received of the inclusion of Whatley's name on the verdict form was on the eve of trial. Although Whatley's name should not have been placed on the verdict form, the jury never reached the issue of Whatley's negligence, as the jury's determination that Jai-Alai was not negligent was dispositive of the case. Therefore, any error in including Whatley's name on the verdict form was harmless.
Accordingly, this cause is reversed and remanded with instructions to the trial court to reinstate the jury verdict and to conduct further proceedings consistent with this opinion.
RYDER, A.C.J., and SCHOONOVER, J., concur.
NOTES
[1] Places of amusement where large crowds congregate are required to keep their premises in a reasonably safe condition commensurate with the business conducted. If the owner falls amiss, and such failure is the proximate result of the injury to the one lawfully on the premises, compensatory damages may be recovered if the one injured is not at fault. One operating a place of amusement, like a race course, where others are invited is charged with a continuous duty to look after the safety of its patrons.